1  Marc J. Randazza, Esq., NV Bar #12265
   Randazza Legal Group
2  6525 W. Warm Springs Rd., Suite 100
   Las Vegas, NV 89118
3  (888) 667-1113
   (305) 437-7662 fax
4  mjr@randazza.com

5  Attorneys for Plaintiff,
   Liberty Media Holdings, LLC
6

7

8                    **UNITED STATES DISTRICT COURT**

9                           **DISTRICT OF NEVADA**

10
                                        )
11 LIBERTY MEDIA HOLDINGS, LLC          )     Case No. _____
                                        )
12     Plaintiff,                        )
                                        )
13 vs.                                   )     **FILED UNDER SEAL**
                                        )
14 SERGEJ LETYAGIN, d/b/a               )     **MEMORANDUM OF POINTS AND**
   SUNPORNO.COM, IDEAL CONSULT,         )     **AUTHORITIES IN SUPPORT OF** *EX*
15 LTD., "ADVERT", "CASTA",             )     *PARTE* **MOTION FOR ORDER**
   "TRIKSTER", "WORKER", "LIKIS",       )     **TEMPORARILY SEALING PORTIONS OF**
16 "TESTER" and DOES 1-50               )     **THE FILE**
                                        )
17     Defendants                        )
                                        )
18                                       )
                                        )
19 _____)

20        Plaintiff LIBERTY MEDIA HOLDINGS, L.L.C. (hereinafter, "Liberty") hereby files its

21 Memorandum of Law In Support of Ex Parte Motion for Order Temporarily Sealing Portions of

22 the File.  Additionally, the Plaintiff requests that the instant Motion be filed under seal, as the
23
   relief requested herein would alert the Defendants to the Plaintiff's intent and allow them to
24
   thwart the Plaintiff's attempts to have Defendants served.
25

26                           **I.    Statement of Facts**

27        This case involves foreign Defendants who use a Seychelles off-shore mail-drop as an
28
   address in order to evade service of process and to obfuscate their true identities and location.

   The Defendants are engaged in massive online theft of copyrighted works.  The Defendants

                                            1

conduct their criminal enterprise offshore, while using an Ohio-based web host, a Florida-based

domain registrar, and directly targeting the works of many American companies in their

copyright infringement mill.   Plaintiff has a reasonable apprehension that if the instant Motion

or its Motion for Alternate Service or Complaint are made known to the Defendants, they will

disable their active email addresses in an effort to further render service impossible.   See

Declaration of Marc Randazza ¶ 9 ("Randazza Decl.").

## II.      The Applicable Law and Application of the Law to the Facts

Federal courts have the ability to issue orders permitting a party to file papers under seal.

See, e.g., *Nixon v. Sirica*, 487 F.2d 700, 706, n.12, 159 U.S. App. D.C. 58 (D.C. Cir. 1973)

(Courts may issue orders or writs necessary or appropriate in aid of their jurisdiction and

principles of law.)  No statutes or rules limit or preclude a Court from sealing documents.  See

*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461, n.1 (10th Cir. 1980).   The remedy of

temporarily sealing court papers serves a valid purpose; i.e., frustrating a scofflaw's attempts to

evade service.

Courts faced with more expansive requests to seal have granted such requests by finding

that failing to seal documents could cause irreparable harm to intellectual property plaintiffs.

See, e.g., *In re Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir. 1979).  In *Vuitton*, the Court of Appeals

noted that the infringers caused purposeful confusion to the buying public; i.e., making

purchasers believe they received the genuine article.   This case is logically analogous.

Defendants Letyagin and Ideal Consult, Ltd. distribute illegally duplicated materials.  Once these

materials enter the stream of commerce, they confuse the persons viewing them as to the source

of origin.  The Court noted that in situations like the one presented here "giving the defendant

notice of the application for an injunction could result in an inability to provide any relief at all."

*Id*. at 4.  Similarly, in the present action, giving the defendants notice of the application to seal

1
2
portions of the file—including the Motion to Seal Portions of the File, the Motion for Alternate
Service, and the Complaint—would result in an inability to serve the defendants.  See Randazza
3
Decl. ¶ 9.
4
5       Some Courts recognize a presumption in favor of a common law right of access to
6
judicial records.  See *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990).  Other Courts
7
favor a balancing approach; that being the public's common law right of access against the
8
interests favoring non-disclosure.  See *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.
9
1993) (citing *Nixon, supra*, 435 U.S. at 599).  The purpose of transparency and access to judicial
10
records serves to: (1) promote the integrity of the judicial system; (2) curb judicial abuses; and,
11
12
(3) provide a more complete understanding of the judicial process.  See *Littlejohn v. BIC Corp.*,
13
851 F.2d 673, 682 (3rd Cir. 1988).  Denying Plaintiff Liberty's request to seal this one filing
14
reinforces none of those purposes.
15
16       In a case analogous to this one, the District Court correctly stated that:
17
[T]he giving of notice to the defendants would be likely to result in the
disappearance of the counterfeit . . . goods and related records, or the "dumping"
18      or transfer of the counterfeit goods to unknown third parties, jeopardizing
plaintiffs' ability to prevent irreparable injury, to stop the distribution of
19      counterfeit . . . products, and to determine the source and extent of the
defendants' dealings in the counterfeit . . . products.
20
21
*Fimab-Finanziaria Maglificio Biellese Fratelli Fil S.P.A. v. Kitchen*, 548 F. Supp. 248, 249 (S.D.
22
Fla. 1982).
23       A Court Order <u>temporarily</u> sealing portions of the file is proper.   This will allow Plaintiff
24
Liberty to seek an order granting leave for alternate service.  If the Court refuses this request,
25
Defendants will become aware that Plaintiff is attempting to serve them via email and will most
26
likely disable their existing email accounts.  See Randazza Decl. ¶ 9.  Plaintiff Liberty requests a
27
28
temporary Court Order only until email service of the Summons and Complaint is effected.  See
Randazza Decl. ¶ 11.

1
2
3
4
5
6

This relief is not extreme, and courts have approved of this type of service in an analogous case.  See *Chanel, Inc. v. Liu Zhixian*, 2010 U.S. Dist. LEXIS 50745, *11 (S.D. Fla. 2010) (court approved alternate service via email was appropriate since it was "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections.")

7

### III.  Prayer for Relief

8
9
10
11

**WHEREFORE,** Plaintiff Liberty respectfully requests this Court hereby:

(1) Issue an Order Temporarily Sealing the instant motion as well as allowing the Plaintiff to file its Motion for Alternate Service and Complaint under seal,

12
13

(2) Direct the United States Clerk of Court to seal those particular documents until Plaintiff Liberty effectuates service of the Summons and Complaint; and,

14
15
16

(3) Lift the seal immediately and automatically upon Liberty's filing of a Return of Service.

17

18  Dated: May 31, 2012                                    Respectfully Submitted,

19                                                         *s/Marc J. Randazza*

20                                                         Marc J. Randazza, Esq., (12265)
                                                           mjr@randazza.com
21                                                         Randazza Legal Group
                                                           6525 W. Warm Springs Rd., Suite 100
22                                                         Las Vegas, NV 89118
                                                           (888) 667-1113
23                                                         (305) 437-7662 fax

24
25
26
27
28