Marc J. Randazza, Esq., NV Bar #12265
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SERGEJ LETYAGIN, d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>Defendants | Case No. _____<br><br>**FILED UNDER SEAL**<br><br>*EX PARTE* **MOTION FOR ALTERNATE SERVICE** |

  This Ex Parte Application is made for an Order permitting Plaintiff Liberty Media Holdings (Liberty) to serve the Summons and Complaint on Sergej Letyagin (Letyagin) d/b/a SunPorno.com (SunPorno) using alternative methods of service of process pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), by means of service upon counsel and/or service by email to the Defendant's email addresses that have been discovered so far.

**I. INTRODUCTION**

  The Plaintiff, Liberty Media Holdings (hereinafter "Liberty") is the victim of a widespread campaign by individual and corporate copyright infringers. They do so to profit from either selling memberships to view the copyrighted materials or using the materials to earn click-through advertising fees, or to earn affiliate fees. The Defendants in this action have all

1

targeted Liberty's copyrighted motion pictures and are using them to drive traffic to their websites.

SunPorno.com is owned and operated by an individual or group of individuals, who took steps to keep their identities hidden (for obvious reasons), and were only identifiable as "Moniker Privacy Services Registrant 2125963." Enough information has been revealed for Plaintiff to name two of the owners/operators of SunPorno.com as Defendants: Sergej Letyagin and Ideal Consult, Ltd. Hereafter, for the sake of brevity and clarity, the Defendant Sergej Letyagin shall be referred to as "Letyagin."

Plaintiff originally attempted to pursue these Defendants in the Southern District of Florida. Limited early discovery revealed some details about them. Plaintiff served a subpoena upon Moniker Privacy Services. The discovery resulting from this subpoena contains a list of Internet Protocol addresses used to access Moniker's services. The most recent and frequent IP addresses are all from the Czech Republic, with 2008 logins from California and occasional logins from Amsterdam. See Declaration of Erika Dillon ¶ 4 (hereinafter "Dillon Dec."). This information serves to reinforce the information provided by Mr. Tucker in his declaration in the original Florida action. **Exhibit A.** The proper defendant is Serej Letyagin and he resides in Prague. The Whois information for SunPorno.com, attached as **Exhibit B**, failed to list an actual individual's name; it provided a corporate name at a Seychelles address. Letyagin and Ideal Consult, Ltd. are alter egos of each other and their primary form of defense from copyright infringement is to hide from plaintiffs. They previously tried to do so in an action in Iowa, but the court in that case wisely granted a motion for alternate service – the same relief sought in this case. See **Exhibit C.**

Potential internet domain owners agree to the terms of the domain name registrar when buying an internet domain. **Exhibit D.** It is this adherence to basic rules that purports to create an orderly system, where legitimate complaints can be adjudicated. Falsifying domain registration information, submitting bogus addresses, and creating fictional entities to hide ownership of rights-infringing domains subverts the orderly system that the domain owners agreed to participate in. The Defendants should not be rewarded for evading detection.

Defendants provide email addresses in the Whois information that is consistent across their registration changes. Further, Defendants have United States counsel in another action

pending in Iowa. See Declaration of Chad Belville ¶ 8 (hereinafter "Belville Dec."), **Exhibit E.** This is the same counsel Defendants retained when threatened with the Florida action. **Exhibits F, G.**

Service on Letyagin and Ideal Consult, Ltd. will be best achieved using alternate means of service as authorized by Fed. R. Civ. P. 4(f)(3) and 4(h)(2). This should include permitting service via email and upon the Defendants' counsel. These Defendants will evade service if alternate service is not granted.

Good cause exists for the relief requested herein because the location listed on the relevant Whois information for the infringing domain was incorrect and used in order to evade process. See Dillon Dec. ¶ 5-6. These Defendants will evade service if alternate service is not granted. See **Exhibit A** ¶ 15-21. As such the Defendants will completely evade service, leaving Plaintiff with no reasonable means of relief if this Order is not granted.

This relief is sought pursuant to the express provisions of Fed. R. Civ. P. 4(f)(3), 4(h)(2) and 4(m). The relief sought is not extraordinary. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013-1017 (9th Cir. 2002) ("[S]ervice by email was proper," and "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'").

## II. THE COURT SHOULD ISSUE AN ORDER PERMITTING SERVICE THROUGH ALTERNATE METHODS

**A.     Service via Email is Proper Under the Circumstances.**

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be *reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.* See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The address information listed on the SunPorno website's Whois information is supposed to be accurate, but intellectual property infringers regularly (and understandably) prefer to provide false physical address information. See Dillon Dec. ¶ 5; Belville Dec. ¶ 4. The information revealed by the Florida discovery verifies this suspicion.

Service by email and service upon defense counsel are both widely approved of after the 9th Circuit allowed it in the landmark case, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007

1  (9th Cir. 2002) (approving service by email and upon counsel).  It is entirely appropriate and it
2  should be permitted in this case.

3  **B.     Rule 4(f)(3) and (h)(2) Entitles Plaintiff to an Ex Parte Order Permitting Alternate
4  Methods of Service, Including by Email and Upon an Attorney.**

5       Fed R. Civ. P. 4(f)(3) and 4(h)(2) provide for "Service" "upon Corporations" and "Upon
6  Individuals in a Foreign Country … by other means not prohibited by international agreement as
7  may be directed by the court," which enables the court on _ex parte_ motion to devise a method of
8  service responsive to the unique facts of the particular case, including service by mail to the
9  defendant's last known address, by ordinary mail, by email, or other means.  Fed. R. Civ. P. Rule
10 4, Notes.  See *Rio Props.*, 284 F.3d 1007 (courts have authorized a wide variety of alternative
11 methods of service, including by email); *New England Merchants Nat'l Bank v. Iran Power
12 Generation and Transmission Co.*, 508 F. Supp. 49 (S.D.N.Y. 1980) (permitting use of Telex to
13 serve defendant); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.),* 245 B.R. 713, 719-20 (Bankr.
14 N.D. Ga. 2000) (authorizing service via email); *Williams v. Adver. Sex LLC*, 231 F.R.D. 483
15 (N.D. W. Va. 2005) (email authorized, under Fed. R. Civ. P. 4(f)(3) and (h)(2), as an alternative
16 method of service of process when service upon foreign defendants would comport with due
17 process); *Popular Enter's. v. Webcom Media Grp. Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004);
18 *Liberty Media Holdings, LLC v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. 2011)
19 (authorizing email service).

20      The court in *Rio Props.* concluded that after "examining the language and structure of
21 Rule 4(f) and the accompanying advisory committee notes," there is "the inevitable conclusion
22 that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' … It
23 is merely one means among several which enables service of process on an international
24 defendant." 284 F.3d at 1015, 1017 (internal citations omitted).  See also *Viz Commc'ns Inc. v.
25 Redsun*, 2003 WL 23901766 (N.D. Cal. 2003) (district court has discretion to allow service by
26 email; email was the sole means of contact on defendants' website; defendants were playing
27 hide-and-seek with the federal court and email may be the only means of effecting service of
28 process; and the court found that the defendants were informed sufficiently of the pendency of
   the lawsuit and the Constitution required nothing more); *Popular Enter's.*, 225 F.R.D. 560

(service of process upon a trademark infringement foreign defendant in Portugal by email was warranted and sufficiently apprised the interested parties of the pendency of an action).

As the *Popular Enter's.* Court held, relying upon *Rio Props.*:

> Accordingly, the court concludes that, under the facts in this action, service upon defendant by email is fully authorized by *Federal Rule of Civil Procedure 4(f)(3)*. Indeed, it is the method of service most likely to read defendant. Service of process by email is reasonably calculated to apprize defendant of the pendcy of this action and afforid it an opportunity to respond. As stated by the Ninth Circuit Court of Appeals, "when faced with an international e-buisness scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Rio*, 284 F. 3d at 1018. Such is the case here.

*Popular Enter's.*, 225 F.R.D. at 563

The facts in the instant action are similar to that in *Rio Props.*, in which the alternative service was permitted. As in *Rio Props.*, the Defendant in the instant action is located abroad and is playing hide and seek with the court. See **Exhibit H** (Letyagin lists a Gibraltar address); **Exhibit I** (Letyagin's Skype lists Prague, Czech Republic); **Exhibit J** ¶ 1 (Letyagin a resident of Europe); **Exhibit J** ¶ 3 (Ideal Consult, Ltd. is in the Seychelles).

Plaintiff has engaged in diligent efforts to find the Defendant, including contacting the domain name's registrar, and has engaged in research aimed at finding a reliable and accurate address for any defendant. See Dillon Dec. ¶ 9-14; **Exhibit K** ¶ 3-4. Plaintiff's counsel has been unable to physically locate the Defendant's true location beyond that he is located somewhere in Prague in the Czech Republic. Mr. Jason Tucker's assertions in his previous declaration have been verified by the early discovery propounded upon Moniker. See **Exhibit A** ¶ 5, 10-12. Mr. Tucker also reports that he has corresponded with the Defendant at the email address tgpalliance@gmail.com, and the Skype address Donald_Home. **Exhibit A** ¶ 10-11. The Defendants are using any means possible to obfuscate their true identities and locations, but they can not run their illegal enterprise without email, and their counsel would be in violation of his state's ethical rules if he fails to deliever the complaint to them. The Defendants are clearly choosing to play "hide and seek." Given that the Defendants are clearly are evading any

reasonable means of service, Plaintiff will likely be unable to obtain traditional proof of service on the Defendant.

In *Ehrenfeld v. Salim a Bin Mahfouz,* the Court denied the option of alternative service via email because the plaintiff had "provided no information that would lead the Court to conclude that Defendant maintains the website, monitors the e-mail address, or would be likely to receive information transmitted to the e-mail address." 2005 U.S. Dist. LEXIS 4741, *8-9 (S.D.N.Y. March 23, 2005). The instant action deviates from the *Ehrenfeld* case in that Defendants operate the SunPorno.com website themselves. This website has posted an email address, webmaster@sunporno.com, which is a means for webmaster affiliates to contact the site owners and administrators. **Exhibit L.** This email address must be monitored and information sent there received, lest the SunPorno.com website fail to continue to profit from affiliate and webmaster programs that drive traffic and advertisements. See Dillon Dec. ¶ 13

In addition to the webmaster@nightangel.com email address listed on the Whois information and the webmaster@sunporno.com email address now listed on the website, the Defendants also use the email addresses tgpalliance@gmail.com and clipinspector@gmail.com to do business on an adult entertainment webmaster message board online. See Dillon Dec. ¶ 11-12, **Exhibit A** ¶ 7-11, **Exhibit M**. These email addresses are used to conduct business relating to the SunPorno.com website and, as such, should be able to reach the owners and operators of the website.

The only reason to even consider denying the motion would be if it were specifcially prohibited by international agreement. "Rule 4(f)(3) also allows service 'by other means not prohibited by international agreement, as the court orders.'" *In re Potash Anti-Trust Litig.*, 667 F. Supp. 2d 907. 929 (N.D. Ill. 2009) (allowing alternate service when requiring traditional service on foreign defendants would be futile).

Alternate service would not offend any international agreement with the Seychelles, where Ideal Consult, Ltd. claims to be. In the case of Mr. Letyagin, he is in the Czech Republic, and thus, it would be improper to allow alternate service by <u>postal</u> mail. However, the <u>only</u> prohibition upon service of Czech residents is <u>postal</u> <u>mail</u>. On the other hand, Czech residents may be served by email. See *Williams Sonoma v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS

31299 (N.D. Cal. 2007) (authorizing email service on a Czech resident but denying postal service on same as email and postal mail are treated differently under the convention).

The domain name and corresponding website set up by the Defendants are online entities. Defendants conduct business solely using the Internet. As such, email is the natural method for contacting these Defendants. In fact, they advertise on the SunPorno.com website that potential webmasters should contact them this way. **Exhibit L**, Dillon Dec. ¶ 12-13. It would seem wildly illogical for the Defendant to solicit business with an email address that it does not monitor.

The requested relief serves the public interest by preserving the integrity of the United States' intellectual property laws. If international scofflaws are allowed to hide behind anonymity and false addresses, and believe that they can hide with impunity from United States courts as long as they remain outside of the United States, and use phony shell corporations to obfuscate their identities, then intellectual property theft will simply flow offshore—rendering American copyright law meaningless for want of service of process.

Accordingly, Plaintiff requests issuance of an order permitting alternative methods of service of the Summons and Complaint pursuant to Fed R. Civ. P. 4(f)(3) and 4(h)(2) by email to the email addresses the Defendants use to do business as SunPorno.com, the Defendant's last known (and self-listed) email, and the email address discovered by Mr. Tucker.

**C.     Email Service on the Defendant is not Prohibited by International Agreement.**

   **i.     The Hague Convention**

The Hague Convention of November 15, 1965 on The Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters governs foreign service process for signatory nations. See Convention on Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 15 No. 6638 (hereinafter "Convention"). http://www.hcch.net/index_en.php?act=conventions.text&cid=17. The Republic of the Seychelles is not a member of the Hague Convention, and there are no other international agreements between the United States and the Seychelles regarding service of process. However, the Czech Republic is a signatory to the Hague Convention.

As the Convention was written in 1965, it is of no great surprise that the Convention does not specifically discuss service of process by email. However, the Convention leaves room for

methods of service not specifically mentioned in the Convention's text. *Rio Props.*, 284 F.3d 1007. If a method is not specifically prohibited, then it is allowed.

The portion of the Convention relied upon by U.S. Courts authorizing email service is Article 10(a), which permits litigants to "send judicial documents, by postal channels, directly to persons abroad" if the "State of destination does not object." See *Lidas, Inc. v. United States*, 238 F.3d 1076, 1084 (9th Cir. 2001) (no requirement of actual receipt of service provided under Hague convention). Article 21 of the Convention permits any signatory state, at any time, to object to the use of any alternative methods of service permitted. Unless a signatory nation has made a <u>specific</u> objection, then alternate service, including by email or service to an attorney, is permitted. *Rio Props.*, 284 F.3d 1007.

Furthermore, when the Defendant's true address is unknown, the Hague Convention's restrictions do not even apply.

> Article 1 of the Hague Service Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not know." Hague Service Convention, art. 1. As discussed above, [plaintiff] has attempted to verify Defendant's addresses and has determined that each address is false, incomplete, or invalid for service of process. Consequently, the Hague Service Convention does not apply. *Id.*; accord *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("[T]he Hague Convention does not apply when a defendant's address is unknown."); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same). International law, therefore, does not prohibit Plaintiff from serving Defendant via e-mail.

*Chanel, Inc. v. Liu* Zhixian, 2010 U.S. Dist. LEXIS 50745, *6-7 (S.D. Fla. 2010). So far, Mr. Letyagin's efforts to remain hidden have been effective. His address in Gibraltar has turned out to be false. **Exhibit N**. Investigators have searched for his true address in the Czech Republic, but their search was inconclusive. Accordingly, since the present factual record reflects no reliable address for Mr. Letyagin, he is not entitled to Hague Service.

Therefore, one Defendant is purportedly in the Seychelles, and thus no agreement impedes upon alternative service upon that Defendant. The other Defendant is in the Czech Republic, in which case <u>postal mail</u> service would be prohibited <u>if the Hague Convention applied</u>. If his address is unknown (at the time it is uncertain if the multiple addresses the

Plaintiff has discovered are phony or not), then the Hague Convention does not apply. Assuming, arguendo, that the Hague Convention applied, alternate service is still proper. In any possible factual scenario, this Court has every right to authorize alternate service. The only questionable means would be <u>postal mail</u> to Mr. Letyagin in the Czech Republic. Given that email service is inherently more reliable than postal service, the Plaintiff removes the question from the table by simply asking for the more reliable methods: email service and service upon counsel.

    **ii.**    **Email Service**

District courts routinely allow plaintiffs to serve foreign defendants by sending the summons and complaint by email. Fed R. Civ. P. 4(f)(3) and 4(h)(2); *Rio Props.*, 284 F.3d 1007; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007); *Project Honey Pot, et al. v. Andrey Chernuk, et al.*, No. 1:11-cv-0015-LMB-JFA at Doc #27 (E.D. Va Sep. 16, 2011) (allowing service by email and by Facebook posting).

In *Nanya Tech. Corp. v. Fujitsu, Ltd.,* 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam, January 26, 2007), the District of Guam explained the rationale for alternate service:

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. *Rio Props.*, 284 F.3d 1007, 1017. All that is required under Rule 4(f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond." The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech.*, 2007 U.S. Dist. LEXIS 5754

Service of process by email is an appropriate method of serving foreign individuals and business. This is especially so when defendants are "sophisticated participants in e-commerce," and "[Plaintiff] has provided email addresses for defendant … and related website addresses through which [defendants] conduct e-commerce," as is the case with these two Defendants. *Williams,* 231 F.R.D. at 7487; see also *Chanel, Inc.*, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. 2010).

### iii. Additional Alternate Service in the form of Service on the Defendant's U.S. Based Attorneys

Rule 4(f)(3) does not only authorize service of process electronically. It also authorizes service upon a foreign defendant's attorney in the United States. See *Rio Props.* at 1017. See also, *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 U.S. Dist. LEXIS 4741, 2005 WL 696769 (S.D.N.Y. 2005). In this case, it is acutely appropriate to authorize service of process upon the Defendant's U.S.-based counsel, Evan Fray-Witzer, Esq. and Valentin Gurvits, Esq., who maintain offices in Boston, Massachusetts, or Jennifer Rinden, Esq. and Connie Alt, Esq., the Defendants' Iowa counsel.

Given that the Defendants have retained Ms. Rinden, Ms. Alt, Mr. Fray-Witzer and Mr. Gurvits to represent them in another matter pending in the United States[1], it would be appropriate to authorize service of process upon them. See *Rio Props.* at 1017. ("Service upon [defendant's attorney] was ... appropriate because he had been specifically consulted by [defendant] regarding this lawsuit. He knew of [defendant]'s legal positions, and it seems clear that he was in contact with [defendant] … Accordingly, service to [defendant's attorney] was ... reasonably calculated in these circumstances to apprise [defendant] of the pendency of the present action.")

### III. CONCLUSION

There is neither a legal nor a logical reason to deny alternate service.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Ex Parte Application for an Order holding that Defendant Letyagin and Defendant Ideal Consult, Ltd. may be validly served via email to the email addresses Defendants are currently utilizing for their online enterprises (webmaster@sunporno.com, clipinspector@gmail.com, tgpalliance@gmail.com), last known email address provided by the Whois information (webmaster@nightangel.com), or by personal service upon Defendants' attorneys, Ms. Jennifer Rinden, Esq., Ms. Connie Alt, Esq., Mr. Valentin Gurvits, Esq. and Mr. Evan Fray-Witzer, Esq.

---

[1] Fraserside IP v. Letyagin et al., 3:2011-cv-03041 (N.D. Iowa)

International copyright thieves are as aware of the *Rio Properties* as anyone, and it is entirely likely that the Defendants will take steps to frustrate service whenever possible. Accordingly, service should be deemed effective when transmitted by email, or upon verified service upon Defendants' attorneys.

Dated: May 31, 2012

Respectfully Submitted,

*s/Marc J. Randazza*

Marc J. Randazza, Esq., (12265)
mjr@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax