# EXHIBIT K

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>MONIKER PRIVACY SERVICES REGISTRANT 2125963, d/b/a SUNPORNO.COM, "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>Defendants | Case No. 11-cv-62107-KMW<br><br>**FILED UNDER SEAL**<br><br>DECLARATION OF MARC J. RANDAZZA SUPPORTING *EX PARTE* MOTION FOR ORDER PERMITTING ALTERNATE SERVICE ON DEFENDANT MONIKER PRIVACY SERVICES REGISTRANT 2125963 |

I, MARC J. RANDAZZA, declare under penalty of perjury that:

1. I am the counsel for Plaintiff Liberty Media Holdings, LLC.

2. The following statements are based upon personal knowledge of the facts, and if called to, I would be able to competently testify to the facts contained herein.

3. In preparing the instant motion, I have conducted extensive research focused on locating any international agreements the United States has with Seychelles that would prohibit service via e-mail, postal mail, or service on an attorney.

4. I utilized Lexis and WestLaw to preform searches for the legal precedents cited in the instant Memorandum of Points and Authorities. I also searched the U.S. Department of State website, located at http://www.state.gov/, for any agreements, treaties or other items regarding service of process and Seychelles. Further, I searched the official Seychelles Government website, http://www.egov.sc/, for this information. There were no indications that the Seychelles has any treaties with the United States regarding service of process. I further directed Ms. Erika Dillon to interview Seychellois diplomats to confirm this lack of an agreement, and she reports that her interviews confirmed my research as accurate.

5. The Defendant at issue in the instant action, Moniker Privacy Services Registrant 2125963 (hereinafter "SunPorno"), has contacted at least three different United States attorneys regarding this

case. Both Valentin Gurvits, Esq. and Evan Fray-Witzer, Esq. of Boston, Massachusetts and Lawrence G. Walters, Esq. of Longwood, Florida have informed me of contact with Defendant.

6. On September 30, 2011, I was contacted by Mr. Walters and he requested a conflict waiver from the Plaintiff. Mr. Walters has performed legal work for the Plaintiff in the past and continues to do so on a case-by-case basis. The Plaintiff consented to this conflict waiver and I provided the waiver to Mr. Walters.

7. From September 30 until October 13, 2011, I was in contact with Mr. Walters regarding the current litigation. On October 13, 2011, Mr. Walters informed me that he no longer represented the Defendant in the current case, but continued to represent the Defendant in other matters.

8. A true and correct copy, with appropriate redactions for confidentiality, of the October 13, 2011 correspondence is attached to the instant motion as Exhibit C.

9. The other matters Mr. Walters continues to handle for the Defendant include serving as the Defendant's DMCA agent, as listed on the website SunPorno.com. A true and correct copy of this DMCA agent listing is attached to the instant motion as Exhibit D.

10. I have reviewed the SunPorno.com website, and it recently was amended to include a DMCA page. A true and correct copy of this page is attached to the motion as Exhibit D. On this page, Defendant states that the SunPorno.com website may be contacted with notices of claimed infringement by contacting a Longwood, Florida attorney, Lawrence G. Walters, Esq. at 195 W. Pine Ave., Longwood, FL 32750, and by fax at (407) 774-6151. As a DMCA agent, Mr. Walters has an obligation to serve notices upon his client.

11. On October 18, 2011, I was again contacted by Valentin Gurvits, Esq. and Evan Fray-Witzer, Esq., with confirmation that they represent the Defendant in this case. A true and correct copy of this email is attached to the instant motion as Exhibit E.

12. In my opinion, gained through my years of experience pursuing copyright scofflaws, if the Defendants become aware that Plaintiff is attempting to obtain an order allowing alternative service via email, Defendants will, in all likelihood, disable all existing emails addresses in order to further evade service and frustrate any such relief. I am certain that if they learn of this motion, they will do the same and will likely terminate this relationship with their Florida based attorney in order to frustrate service.

3

As such, it is necessary to file both the Motion Temporarily Sealing Portions of the File and the Motion for Alternate Service under seal.

Signed under penalty of perjury this 20th day of October, 2011 in Las Vegas, Nevada.

*[signature]*
Marc J. Randazza