**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SERGEJ LETYAGIN, d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>Defendants | Case No. _____<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATE SERVICE** |

On May 31, 2012, the Plaintiff filed a sealed motion requesting an order permitting alternate service of the complaint, summons, and subsequent filings on Defendants Sergej Letyagin d/b/a SunPorno.com and Ideal Consult, Ltd.  In a brief filed in support of the motion, the Plaintiff alleges that the Defendants are "international intellectual property scofflaws" who own and operate a website where they provide stolen pornographic films to third parties in exchange for membership fees or advertising revenues.  According to the Plaintiff, the Defendants are properly subject to the jurisdiction of this court but use false addresses to evade liability for their illegal activities and to evade service of process.  The Plaintiff asks the court to authorize services of the complaint, summons, and subsequent filings on Defendants Sergej Letyagin and Ideal Consult, Ltd. by email to "the email addresses Defendants are currently

1

utilizing for their online enterprises (webmaster@sunporno.com, clipinspector@gmail.com, tgpalliance@gmail.com), last known email address provided by the Whois information (webmaster@nightangel.com), or by personal service upon Defendants' attorneys, Ms. Jennifer Rinden, Esq., Ms. Connie Alt, Esq., Mr. Valentin Gurvits, Esq. and Mr. Evan Fray-Witzer, Esq." The Plaintiff makes this request under Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2).[1]

Authorizing service by email certainly is not traditional, but it does not appear that such service has been unequivocally prohibited by any court. See *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 721 (N.D. Ga. 2000) (stating no court has rejected service of process via electronic mail on its face); *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) (approving service of process by email). Accordingly, the court will apply the standard rules applicable to service of process to the Plaintiff's request.

In exercising its discretion under Rule 4(f)(3), the Court is limited to approving a method of service that fulfills due process requirements. To satisfy the dictates of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); see also *Prewitt Enters., Inc.*, 353 F.3d 916, 921 (11th Cir. 2003) ("A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution 'as a matter of individual liberty' so that 'the maintenance of the suit … [does] not offend 'traditional notions of fair play and substantial justice.'") (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03, 102 S. Ct. 2099, 72 L.Ed. 2d 492 (1982)); see also *Rio Props.,* 284 F.3d at 1018 ("[W]e leave it to the discretion of the district

---

[1] Fed. R. Civ. P. 4(f)(3) provides: "Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States … (3) by other means not prohibited by international agreement, as the court orders."

Fed. R. Civ. P. 4(h)(2) provides: "Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to a suit under a common name, must be served … at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I)."

court to balance the limitations of email service against its benefits in any particular case."). "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several of which enables service of process on an international defendant." *Id.* At the same time, the court may require the plaintiff to show that reasonable efforts to serve the defendant have already been made, and that the court's intervention will avoid further burdensome or futile attempts at service. *Studio A Entm't, Inc. v. Active Distribs., Inc.*, No. 1:06-cv-2496, 2008 WL 162785 at *3 (N.D. Ohio Jan. 15, 2008).

After taking these principles into consideration, the court authorizes service on the Defendants in the following manner: The Defendants Sergej Letyagin and Ideal Consult, Ltd. are to be served by either personal service upon Ms. Jennifer Rinden, Ms. Connie Alt, Mr. Valentin Gurvits, and/or Mr. Evan Fray-Witzer, the attorneys who represent the Defendants in the pending action in the Northern District of Iowa (11-cv-3041-MWB), or by email addressed to the email addresses the Defendants utilize to conduct their online businesses (webmaster@sunporno.com, clipinspector@gmail.com, tgpalliance@gmail.com, webmaster@nightangel.com).

**SO IT IS ORDERED.**

Dated: _____          _____
                                       United States District Judge