1
2
3
4
5
6

Marc J. Randazza, Esq., NV Bar #12265
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11
12
13
14
15
16
17
18

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. 12-cv-00923-LRH-GWF |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT IMMEDIATE DISCOVERY** |
| SERGEJ LETYAGIN d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50 | |
| Defendants | |

19
20
21
22
23
24
25

Plaintiff Liberty Media Holdings (Liberty) seeks the identities of certain anonymous Defendants, identifiable at this time only by their usernames on the SunPorno.com website. Plaintiff seeks permission to serve Requests for Production upon SunPorno.com for information that may lead to their identities (e.g. Internet Protocol addresses used to log in to the SunPorno.com website) and further seeks a Court order directing these Defendants' Internet Service Providers (ISPs) to disclose the Defendants' personally identifiable information to Plaintiff. The specific information being sought is found on Exhibit 1.

26

## I. INTRODUCTION AND FACTUAL BACKGROUND

27
28

1. Plaintiff Liberty is a California LLC doing business as Corbin Fisher ®. Liberty produces, markets, and distributes adult entertainment products, including Internet website

1   content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and

2   through which individuals who pay a monthly subscription fee can view its photographic and

3   audiovisual works.

4      2.   The Defendants used the screen names "advert," "Casta," "Trikster," "worker," "likis,"

5   and "tester" (hereinafter "User Defendants") on the SunPorno.com website.

6      3.  User Defendants are individuals whose true names and addresses are unknown to

7   Plaintiff.   User Defendants posted Plaintiff's copyrighted materials on the SunPorno.com

8   website, however, Plaintiff can only identify these particular infringers by way of further

9   investigation.   As such, Plaintiff wishes to take early discovery to further identify these

10  defendants.

11     4.  Information will be requested in later subpoenas issued to cable operators and Internet

12  service providers which is governed by 47 U.S.C. § 551, which prohibits cable operators from

13  disclosing personally identifiable information pertaining to subscribers without the subscriber's

14  express consent unless there is "a court order authorizing such disclosure, if the subscriber is

15  notified of such order by the person to whom the order is directed."  47 U.S.C. § 551(c)(2)(B).

16     5.   Accordingly, the Plaintiff requests that the Court issue the requisite Order instructing

17  SunPorno.com to produce any and all documents and/or information sufficient to identify the

18  user or users of the screen names "advert," "Casta," "Trikster," "worker," "likis," and "tester,"

19  including, but not limited to all Internet Protocol (IP) addresses and corresponding dates and

20  times used to log onto their accounts.

21     6.  Once Plaintiff has this information from SunPorno.com, Plaintiff will need to serve

22  subpoenas on the companies providing these User Defendants with internet service.  As these

23  service providers also function as cable operators, the information being requested is governed

24  by 47 U.S.C. § 551, which prohibits cable operators from disclosing personally identifiable

25  information pertaining to subscribers without the subscriber's express consent unless there is "a

26  court order authorizing such disclosure, if the subscriber is notified of such order by the person

27  to whom the order is directed."  47 U.S.C. § 551(c)(2)(B).

28

Memorandum In Support of Immediate Discovery

7.   Accordingly, the Plaintiff also requests that the Court issue the requisite Order instructing Internet Service Providers (ISPs) whose IP addresses are identified by discovery from SunPorno.com, to produce any and all documents and/or information sufficient to identify the users of the identified IP addresses.

## II.  ARGUMENT

A.   Federal Rules Allow for Early Discovery

8.   Federal Rules allow for discovery prior to a Rule 26 conference upon a showing of good cause.  See *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

9.   More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.  Id. at 578-80.  Each of these factors resolves in favor of granting Plaintiff's requested relief.

10. First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court.  Plaintiff observed and documented infringement of its registered works by the individuals pseudonymously identified in the Complaint.  The requested discovery from SunPorno.com is necessary for Plaintiff to determine the IP addresses, email addresses, and other information pertaining to the individuals utilizing the accounts.  The requested discovery from the ISPs is necessary for Plaintiff to determine the true identities of these individuals, based upon IP address records.

11. Second, there are no other practical measures Plaintiff could take to identify these Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by SunPorno.com and the ISPs.  Due to the nature of

1    on-line transactions, Plaintiff has no way of determining Defendants' identities except through

2    these means.

3       12. Third, Plaintiff has asserted a prima facie claim for copyright infringement in its

4    Complaint that can withstand a motion to dismiss.  Specifically, Plaintiff has alleged that a) it

5    owns and has registered the copyrights in the works at issue and b) the Defendants made

6    unauthorized reproductions of those works and distributed them without Plaintiff's authorization.

7    These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3).

8       13. When outlining the above factors, the court in *Columbia* noted that in cases where injured

9    parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the

10    traditional enforcement of strict compliance with service requirements should be tempered by the

11    need to provide injured parties with a forum in which they may seek redress for grievances.

12    *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's

13    legitimate interest in identifying the personally identifying information for the individuals who

14    infringed upon its copyrighted works.

15    B.      Explanation of Specific Requests

16       14. In addition to the three factors discussed above, courts have indicated that a plaintiff

17    requesting early discovery to identify defendants should justify specific requests and explain how

18    such requests "will lead to identifying information about defendant that would make service of

19    process possible. See *Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th

20    Cir.1980).

21       15. The infringement and other wrongful acts at issue in this action occurred through the

22    posting of Plaintiff's copyrighted works to SunPorno.com.  In order to further these illegal acts, a

23    user must create an account on SunPorno.com.  When this user creates an account, the user

24    accesses the SunPorno.com website by specific IP addresses both in the establishment of the

25    account and in later logins, which SunPorno.com will find in its log files, other database(s), or

26    records.

27       16. Individuals gain access to the Internet through an ISP.  When an ISP provides Internet

28    access to a subscriber, it does so through a modem located at the subscriber's home or office.

1    Each time the subscriber accesses the Internet, the ISP provides a unique number to the
2    subscriber called an Internet protocol (IP) address.  This is somewhat akin to a telephone
3    number.  The IP address for a subscriber may stay the same (a static IP address) or it may change
4    from time to time (a dynamic IP address).  ISPs generally record the times and dates it assigns
5    each IP address to a subscriber.

6        17. Online technology used to engage in unlawful online copyright theft relies on the ability
7    to identify the computers to and from which users search and exchange files.  The technology
8    identifies those computers through the IP address from which the computer connects to the
9    Internet.  In this manner, SunPorno.com has records of the IP addresses from which individuals
10   connected to the SunPorno.com website for the purpose of unlawfully uploading Plaintiff's
11   works and making electronic copies thereof.  SunPorno.com can supply these IP addresses to
12   Plaintiff.

13       18. Once SunPorno.com provides the Plaintiff with a list of IP addresses along with times
14   and dates of that each Doe defendant accessed the SunPorno.com website (as well as other
15   information), the Plaintiff will be able to subpoena fully identifying information from the User
16   Defendants' ISPs, email providers or other entities.

17       19. SunPorno.com clearly keeps records of this information, as each user profile on the
18   SunPorno.com website displays various information, including the number of videos viewed, the
19   number of videos uploaded, and the number of times other users have watched videos that the
20   account has uploaded.  See Complaint at ¶¶ 119-122.

21       20. Anyone can perform a simple search on public databases to determine which Internet
22   access provider controls a specific IP address.  Plaintiff will subpoena the relevant Internet
23   Service Providers to determine the name and address of the subscribers to whom they assigned
24   the various IP addresses which will be provided by SunPorno.com.

25       21. Plaintiff requests that the Court issue an order allowing Plaintiff to issue the attached
26   requests for production and an order allowing Plaintiff to serve a subpoena on the relevant ISPs
27   requesting specific subscriber information necessary to identify the User Defendants and which
28   will require the ISPs to comply.

1    22.  Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing

2    personally identifiable information concerning subscribers without the prior written or electronic

3    consent of the subscriber or a court order, and since some Internet service providers are also

4    cable operators, Plaintiff requests that the Court order state clearly that the Court contemplated

5    the Cable Privacy Act and that the order specifically complies with the Act's requirements.  See,

6    47 U.S.C. §551.

7                                              **III.  CONCLUSION**

8    23. The Plaintiff requests that the Court issue the requisite Order allowing early discovery

9    and instructing SunPorno.com and any relevant ISPs identified, to immediately preserve the

10   relevant evidence and to produce any and all documents and/or information sufficient to identify

11   the User Defendants.

12   24. Plaintiff will only use this information to prosecute the claims made in its Complaint.

13   Without this information, Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

14   25. Such discovery should be conditioned on a) the ISPs having 7 calendar days after service

15   of the subpoenas to notify the subscriber that their identity is sought by Plaintiff, and b) each

16   subscriber whose identity is sought having 21 calendar days from the date of such notice to file

17   any papers contesting the subpoena.

18

19   Dated: June 18, 2012                                    Respectfully Submitted,
                                                             *s/Marc J. Randazza*

20                                                           Marc J. Randazza, Esq., (12265)
21                                                           mjr@randazza.com
                                                             Randazza Legal Group
22                                                           6525 W. Warm Springs Rd., Suite 100
                                                             Las Vegas, NV 89118
23                                                           (888) 667-1113
                                                             (305) 437-7662 fax
24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on June 18, 2012.  A copy of these documents has been mailed to Constance M. Alt, Jennifer E. Riden, Evan Marc Fray-Witzer, and Valentin David Gurvits via the addresses on file in Northern District of Iowa Case Number 11-cv-3041.  A copy of these documents has also been emailed to webmaster@sunporno.com, clipinspector@gmail.com, tgpalliance@gmail.com, and webmaster@nightangel.com.  This service is in compliance with the Order at ECF 9.  As no other Defendants have been identified, they cannot be served.

Dated: June 18, 2012

Respectfully Submitted,
*s/Marc J. Randazza*

Marc J. Randazza, Esq., (12265)
mjr@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax