JAMES D. BOYLE, ESQ.
Nevada Bar No. 008384
E-mail: jboyle@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308
Facsimile:     702/791-1912

EVAN FRAY-WITZER, ESQ.
Massachusetts Bar No. 564349 (Admitted Pro Hac Vice)
E-mail: Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 804
Boston, Massachusetts 02116
Telephone:     617/426-0000

VALENTIN DAVID GURVITS, ESQ.
Massachusetts Bar No. 643572 (Admitted Pro Hac Vice)
Email: vgurvits@BostonLawGroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts 02459
Telephone:     617/928-1804

*Attorneys for Defendants Sergej Letyagin and Ideal Consult, LTD.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>SERGEJ LETYAGIN, d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50,<br><br>      Defendants. | CASE NO.:   2:12-cv-00923-LRH-(GWF)<br><br>**DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S OPPOSITION TO MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY AND CROSS-MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS** |

### I.      INTRODUCTION

More than nine (9) months after it filed an identical complaint against the same Defendants in the Southern District of Florida – only to let that action languish until it was

- 1 -

dismissed by order of the Court – Plaintiff Liberty Media Holdings, LLC ("LMH") now tells this Court that it will somehow be irreparably harmed if it is not allowed to take *immediate* discovery outside of the ordinary course. Of course, if LMH *actually* had an urgent need for the discovery it now claims to need, it could have taken such discovery in the Southern District of Florida. Instead, LMH appears to be engaging in yet another tactical ploy – hoping that, through "early discovery", it will create enough momentum in the case to avoid a dismissal for a lack of jurisdiction. Such cynical maneuvering is a waste of the Court's resources and should not be countenanced.

To the contrary, any discovery should be stayed until this Court has the opportunity to decide the Defendants' pending Motion to Dismiss on jurisdictional grounds. (*See* Docket No. 16). In further support of this Opposition and Cross-Motion, Defendants Sergej Letyagin ("Mr. Letyagin") and Ideal Consult, Ltd. ("Ideal") state as follows.

## II.  PROCEDURAL BACKGROUND

On September 26, 2011, LMH filed an action in the Southern District of Florida alleging the same violations of copyright as are alleged in this litigation. On November 17, 2011, having identified the proper parties to the litigation, LMH filed an amended complaint in which it named as defendants all of the same defendants named in the present litigation. On January 30, 2012, four months after LMH filed its complaint, the Florida Court issued an order instructing LMH that if it did not effectuate service of process on the defendants by March 12, 2012, the case would be dismissed. The Plaintiff did not serve the defendants (and do not appear to have attempted to serve the defendants), resulting in the dismissal of the Florida action on March 15, 2012.

LMH then waited *another* two and half months before filing the present action and three weeks after that to file its motion for leave to take immediate discovery. On July 2, 2012, Mr. Letyagin and Ideal filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), arguing that this Court did not have personal jurisdiction over either Mr. Letyagin, who is a citizen of the Czech Republic or Ideal, which is incorporated in Seychellois. LMH's Opposition is due on or

before July 19, 2012.

### III.     ARGUMENT

A.     LMH Has Not Even Attempted to Articulate A Good Faith Basis For The Court To Order Expedited Discovery.

Pursuant to the Federal Rules of Civil Procedure, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except... by court order." Fed. R. Civ. P. 26(d). Under this Court's case law,[1] the Court may allow expedited discovery "upon a showing of good cause.... Good cause exists where the need for expedited discovery outweighs the prejudice to the responding party." *First Option Mortgage, LLC v. Tabbert*, 2012 U.S. Dist. LEXIS 66065, *3 (D. Nev. 2012); *United Factory Furniture Corp. v. Alterwitz*, 2012 U.S. Dist. LEXIS 48795, *5 (D. Nev. 2012).

In moving for leave to take expedited discovery, however, LMH has provided the Court with no rationale whatsoever as to why such leave is necessary. Instead, LMH first acknowledges that leave should only be allowed upon a showing of good cause, but then fails to articulate any such good cause in support of its motion. Apparently, this is something of a regular *modus operandi* for LMH. *See, e.g., Liberty Media Holdings, LLC v. FF Magnat Limited*, Docket No. 12-cv-01057-GMN-RJJ (D. Nev. 2012) (Judge Navarro's order denying LMH's request for expedited discovery "as Plaintiff gives no proposed timeline or justification for expedited discovery in its motion.")

LMH's failure to identify a need for expedited discovery is not surprising given the procedural history of this matter. LMH filed an identical complaint against Mr. Letyagin and Ideal in the Southern District of Florida more than nine months ago. Following an adverse ruling on LMH's request for injunctive relief in that Court (where the Court expressed its belief that

---

[1] Oddly, despite the availability of case law from this Court, LMH cites only to cases from the District of California.

personal jurisdiction could not be asserted over the defendants either in Florida or in the United States in general), LMH allowed an order of dismissal to enter in the Florida Court. LMH then waited another two and a half months before shopping its case to a new forum. Had any urgency actually existed, LMH surely would have sought the discovery sought before now. Its failure to do so, coupled with its failure to offer any explanation for its supposed need to expedite discovery speaks volumes.[2]

Because there is no good cause for expedited discovery, LMH's motion should be denied.

B.  Discovery In This Matter Should Be Stayed Pending The Court's Decision On Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

The purpose of a Rule 12(b) motion to dismiss it "to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *United States v. Howard*, 2012 U.S. Dist. LEXIS 84455, *5 (D. Nev. 2012). "Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity." *Money v. Banner Health*, 2012 U.S. Dist. LEXIS 49922, *13-14 (D. Nev. 2012).

A stay is appropriate if, after taking a "preliminary peek" at the merits of the Motion to Dismiss, the Court determines that (1) the motion is potentially dispositive of the entire case, and (2) that the Motion to Dismiss can be decided without the need for discovery. *See Foley v. Pont*,

---

[2] LMH appears to have made a conscious decision in this case to substitute sharp litigation tactics for substance. For example, in *ex parte* proceedings before this Court, LMH portrayed Mr. Letyagin as some sort of international scofflaw – moving from location to location to evade detection – despite the fact that LMH's counsel knew Mr. Letyagin's home address and had corresponded with him there, facts which LMH failed to reveal to the Court. *See* Defendants' Motion to Dismiss. In addition, LMH submitted the affidavit of Attorney Chad Belville, which contained Attorney Belville's unsupported (and defamatory) assertion that, if notified in advance of LMH's motion for alternate service, Attorney Valentin Gurvits would counsel his clients to evade service. Attorney Belville – who serves as Attorney Randazza's co-counsel in other matters – is not remotely in a position to opine about the ethics of *other* attorneys. Attorney Belville has been twice publically reprimanded by the Iowa Supreme Court Board of Professional Ethics and Conduct and, more recently, was found by a Federal District Court in Minnesota to have abused an escrow account which he set up to the detriment of his clients. *Washington Mutual Bank v. Chad L. Belville, et al.,* Docket No. 05-1422 (JRT/FLN)(D. Minn. 2007) ("The evidence shows that Defendant Belville used Defendant Lawyers Title Service as a facade for individual dealings. He was the only shareholder, director, and officer. He used the funds held in the Defendant Lawyers Title Service account to personally profit by transferring the money to an account where interest would be earned by him, not Defendant Lawyers Title Service. Defendant Belville also used money held by Defendant Lawyers Title Service to give himself a short-term personal loan.")

2012 U.S. Dist. LEXIS 89603, *20 (D. Nev. 2012)("After taking a 'preliminary peek' into the pending motions to dismiss... the court finds that staying discovery is warranted.  ...The motions... could be potentially dispositive of all of the plaintiff's claims against the defendants that have appeared in this action.  ...As defendants have demonstrated that the motions are potentially dispositive and that no discovery is needed, entering a protective order staying discovery is appropriate to accomplish the inexpensive and speedy determination of the case.")(internal citations omitted).

The present case, then, presents the textbook scenario warranting a stay of discovery.  As the Court will see from Mr. Letyagin and Ideal's Motion to Dismiss, the defendants are challenging personal jurisdiction over them in this Court.  Mr. Letyagin is a citizen of the Czech Republic who has never had any connection to Nevada (and who has, indeed, never even visited the United States) and Ideal is a Seychellois company with no connections to Nevada and insufficient contacts with the United States in general (as was already determined by another Federal District Court) for the Court to assert personal jurisdiction over them under Nevada's long arm statute or the Federal long arm statute.  Mr. Letyagin's affidavit, submitted in connection with the Motion to Dismiss, attests to all of the facts necessary to decide the Motion to Dismiss.  Discovery as to the jurisdictional issue, then, is unnecessary.

Given the wholesale lack of contacts between these defendants and Nevada (or the United States), jurisdiction does not comport with the Due Process Clause of the United States Constitution and the Court cannot assert personal jurisdiction over Mr. Letyagin or Ideal.  A decision in the defendants' favor on this issue would be dispositive of the entire complaint against them in this Court.

Accordingly, a stay of discovery is warranted and should be granted by this Court until such time as the Court has had the opportunity to rule on Defendants' Motion to Dismiss.

### IV.     CONCLUSION

For the reasons stated hereinabove, LMH's Motion for Expedited Discovery should be denied and Defendants Ideal Consult, Ltd. and Sergej Letyagin's cross-motion to stay discovery

pending the Court's decision on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should be allowed.

DATED this 5th day of July, 2012.

           **COTTON, DRIGGS, WALCH,**
           **HOLLEY, WOLOSON & THOMPSON**


           /s/ James D. Boyle
           JAMES D. BOYLE, ESQ.
           Nevada Bar No. 008384
           400 South Fourth Street, Third Floor
           Las Vegas, Nevada 89101

           EVAN FRAY-WITZER, ESQ.
           Massachusetts Bar No. 564349
           (*Admitted Pro Hac Vice*)
           Email: Evan@CFWLegal.com
           Ciampa Fray-Witzer, LLP
           20 Park Plaza, Suite 804
           Boston, Massachusetts  02116
           Telephone: (617) 426-0000

           VALENTIN DAVID GURVITS, ESQ.
           Massachusetts Bar No. 643572
           (*Admitted Pro Hac Vice*)
           Email: vgurvits@BostonLawGroup.com
           BOSTON LAW GROUP, PC
           825 Beacon Street, Suite 20
           Newton, Massachusetts  02459
           Telephone:(617) 928-1804

           *Attorneys for Defendants, Sergej Letyagin and Ideal Consult, LTD.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 5th day of July, 2012, I caused the document entitled **DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S OPPOSITION TO MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY AND CROSS-MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
| --- | --- | --- |
| Marc J. Randazza, Esq.<br>Randazza Legal Group<br>6525 West Warm Springs Rd., Suite 100<br>Las Vegas, Nevada  89118<br>E-mail:  mjr@randazza.com | Plaintiff, Liberty Media Holdings, LLC | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |

DATED this 5th day of July, 2012.

/s/ Evan Fray-Witzer, Esq.

- 7 -

09627-01/Opposition to Motion for Expedited Discovery - FINAL