Marc J. Randazza, Esq., NV Bar #12265
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SERGEJ LETYAGIN d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>Defendants | Case No. 12-cv-00923-LRH-GWF<br><br>**REPLY TO DEFENDANT LETYAGIN AND IDEAL CONSULT, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT IMMEDIATE DISCOVERY** |

     Plaintiff Liberty Media Holdings (Liberty) seeks the identities of pseudonymous Defendants, identifiable at this time only by their usernames on the SunPorno.com website. The specific information being sought is found at ECF 13-2. Without this information the Plaintiff can neither identify, nor serve, these pseudonymous Defendants, and thus, early discovery is necessary. Furthermore, since the original motion for early discovery was filed, the Defendants (Letyagin and Ideal Consult) have raised the issue of personal jurisdiction. ECF 16. Accordingly, the order permitting early discovery should be expanded to include jurisdictional discovery pertaining to the Defendants.

\\

\\

# I. INTRODUCTION AND FACTUAL BACKGROUND

On June 18, 2012, Plaintiff Liberty requested permission to seek limited discovery in order to identify and locate the Defendants currently only identified by the screen names "advert," "Casta," "Trikster," "worker," "likis," and "tester" on the SunPorno.com website.

These pseudonymous Defendants are individuals whose true names and addresses are unknown to the Plaintiff, but once this information is learned, they will be named defendants in this case. They posted Plaintiff's copyrighted materials on the SunPorno.com website, but Plaintiff can only identify these particular Defendants by propounding discovery on the other Defendants and then on third parties. Plaintiff requested permission to take early discovery in order to identify and serve these defendants. The requested discovery is limited in its request, targeted to identifying the Defendants, and would be allowable even if Defendants Letyagin and Ideal Consult, Ltd. were not a party to this action. On July 5, 2012, Defendants Sergej Letyagin and Ideal Constul, Ltd. opposed Plaintiff's request.[1]

# II. ARGUMENT

### A.   Plaintiff Has Provided Good Cause for Early Discovery

As put forth in the discovery request (ECF 13-2), Plaintiff requests information needed to determine the true identities of the pseudonymous Defendants, a proper location for service of process upon them, and information exposing the extent of their infringement. This information is requested for six accounts on the SunPorno website – the six accounts that willfully infringed on Liberty's works. This is not a "tactical ploy" looking for "momentum," as the Defendants

---

[1] There are erroneous statements in Defendants' Opposition, including a statement claiming that Plaintiff was aware of Mr. Letyagin's address. While Plaintiff did provide a waiver of service package to several addresses that were <u>potentially</u> those belonging to Letyagin or Ideal Consult, Ltd., Plaintiff never received any waivers of service back, nor any contact indicating that Plaintiff had actually determined a true and correct address for Letyagin or Ideal Consult, Ltd. See generally, Declaration of Erika Dillon. Nobody ever acknowledged receipt – not even informally from any of the many addresses. *Id.* Furthermore, none of these packages were signed for by Letyagin or Ideal Consult, giving no evidence that the Defendants were located at these addresses. In fact, the Plaintiff is as surprised as anyone to discover that any of these addresses are accurate. It seems unusual that the Defendants chose to remain hidden behind a web of addresses strewn across the globe, received correspondence to which they never responded, yet now claim that the Plaintiff erred by not being able to determine which of the many seemingly false address were accurate.

characterize it; this is an attempt to identify and serve parties to a lawsuit and is a common and necessary procedure. "Service of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

The Defendants Letyagin and Ideal Consult oppose this request, in part, by stating, "*LMH has provided the Court with no rationale whatsoever as to why such leave is necessary*." ECF 19. However, the Plaintiff's motion and memorandum of points and authorities (ECF 13 and 13-1) make it clear that it is seeking this information so that it can identify and serve all of the Defendants in this case. In their opposition, the Defendants seem to suggest that Liberty has simply requested this information on a lark. To the extent the reason for the request was unclear, that should be cured with the review of this reply. Without this information, the Defendants will be neither identified nor served. Further, their identification may also assist in resolving the jurisdictional issues raised by Letyagin and Ideal Consult, Ltd. in this case.

Plaintiff does not seek unrestrained discovery of the materials controlled by Defendants Letyagin and Ideal Consult, Ltd. Plaintiff merely seeks information necessary to identify the individuals that are currently only identifiable by their account names so that they may be named and served with process. Plaintiff requests the information SunPorno.com, and therefore Letyagin and Ideal Consult, Ltd., have which could allow Plaintiff the opportunity to identify the individuals committing the direct infringement of Liberty's works.

**B.     The Need for This Discovery Outweighs Any Prejudice to the Responding Party**

Without this information, the Plaintiff will neither be able to identify nor serve the pseudonymous Defendants. The only parties who know their identities are the other defendants in this case. The prejudice to the Plaintiff, if the information is not provided prior to the Rule 26(f) conference, is that Plaintiff will neither be able to identify nor serve these additional pseudonymous defendants. Interestingly enough, Defendants claim they have absolutely no jurisdictional contacts with the United States. ECF 18. However, it is possible that each and every one of these other six defendants are Americans, or even (possibly) residents of the state of Nevada. Liberty has no way of knowing without discovery. Accordingly, even if Liberty had

not asked for <u>early</u> discovery, Liberty would be entitled to this information as <u>jurisdictional</u> discovery, as discussed and requested *infra*.

On the other hand, the prejudice to Letyagin and Ideal Consult, Ltd. is unknown. Despite the fact that Letyagin and Ideal Consult have opposed this limited discovery, they have not provided any indication as to what prejudice they might suffer in the event that they must provide this information about these other six parties.

**C.     Plaintiff Seeks Information Sufficient to Identify the Defendants**

The infringement and other wrongful acts at issue in this action occurred through the posting of Plaintiff's copyrighted works to SunPorno.com. In order to further these illegal acts, a user must create an account on SunPorno.com. When this user creates an account, the user accesses the SunPorno.com website by specific IP addresses both in the establishment of the account and in later logins, which SunPorno.com will find in its log files, other database(s), or records.

Plaintiff did not extensive discovery. Plaintiff simply sought "information sufficient to identify" the SunPorno.com users that have infringed on Plaintiffs works, in particular their "name, address, e-mail address, I.P. addresses, and the dates and times of logins to SunPorno.com." ECF 13-2. Plaintiff needs that information to serve the Defendants. This is Plaintiff's reasonable attempt to identify, serve, and properly prosecute the case against these individuals.

**D.     Jurisdictional Discovery is Proper As Well**

Given that the Defendants have filed a Motion to Dismiss for Personal Jurisdiction, the Court should not only grant the initial request, but should grant Plaintiffs an <u>expanded</u> order allowing early discovery, including seeking jurisdictional discovery.

The information sought very well might dispositively prove that jurisdiction exists over Letyagin and/or Ideal Consult. However, these Defendants wish for this Court to put a stop to this discovery prior to ruling on the Motion to Dismiss for Lack of Personal Jurisdiction. It seems that if the Court were so much as inclined to rule in favor of Defendants in their Motion to

Dismiss for Lack of Personal Jurisdiction, that the Court would be compelled to (at the very least) permit jurisdictional discovery.

Early discovery is available to discover facts bearing on issues of jurisdiction. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-351 (1978). " 'Where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary' courts should allow for discovery." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 (9th Cir. 1977); *Marshall v. McCown Deleeuw & Co.*, 391 F.Supp.2d 880, 882 (D. Idaho 2005). See also *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271-72 (6th Cir. 1998). In this case, since jurisdiction is now at issue, the Court should engage in an exercise of judicial economy and grant the motion for early discovery for two purposes – to identify the Defendants and to explore the jurisdictional issues.

**E.     Defendant's Extraneous Arguments Should be Disregarded**

The Defendant's Opposition is rife with innuendos and suggestions of improper motives. However, none of this has any relevance to whether or not early discovery is proper. The Defendants make great sport of the fact that they were not served in the prior Florida action and thus this is somehow justification for the Court to deny Plaintiff the ability to identify Defendants so that they may be served in this action. The logic behind this is a bit strange. In other words, since the Defendants successfully evaded service once, everyone should evade service again.

Liberty admits that it had great difficult locating and serving Mr. Letyagin and Ideal Consult in a prior-filed case. In fact, despite great efforts – including retaining an expensive investigator and seeking help form agents in Prague, Liberty failed to effect personal service. This is precisely why the Plaintiff sought alternate service from the Court. This is the modus operandi of this particular set of Defendants. They are pleased to earn money in the United States; they are pleased to infringe upon Americans' intellectual property. However, when challenged for their actions, they seek shelter in the only way they can – attempting to evade service and/or jurisdiction – because, on the merits, they cannot prevail. Why they now seek to

allow six other Defendants to also evade service is uncertain, however, their requests should be denied. Their wish has no legal basis behind it.

### III. CONCLUSION

The Court should issue the Order allowing early discovery and instructing SunPorno.com and any relevant ISPs identified, to immediately preserve the relevant evidence and to produce any and all documents and/or information sufficient to identify the pseudonymous Defendants. Furthermore, the Court shall permit early discovery on jurisdictional issues.

Dated: July 10, 2012

Respectfully Submitted,
*s/Marc J. Randazza*

Marc J. Randazza, Esq., (12265)
mjr@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on July 10, 2012. As no other Defendants have been identified, they cannot be served.

Dated: July 10, 2012

Respectfully Submitted,
*s/Marc J. Randazza*

Marc J. Randazza, Esq., (12265)
mjr@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax