JAMES D. BOYLE, ESQ.
Nevada Bar No. 008384
E-mail: jboyle@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

EVAN FRAY-WITZER, ESQ.
Massachusetts Bar No. 564349
E-mail: Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 804
Boston, Massachusetts  02116
Telephone:    617/426-0000

VALENTIN DAVID GURVITS, ESQ.
Massachusetts Bar No. 643572
Email: vgurvits@BostonLawGroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts  02459
Telephone:    617/928-1804

*Pro Hac Vice*

*Attorneys for Defendants Sergej Letyagin and Ideal Consult, LTD.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS LLC, | |
| Plaintiff, | CASE NO.:    2:12-cv-00923-LRH-(GWF) |
| v. | **DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S** |
| SERGEJ LETYAGIN, d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50, | **REPLY BRIEF IN  SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| Defendants. | |

- 1 -

*"Having advanced an argument that calls for red meat and strong drink, appellant offers us stale bread and tepid water to nourish it."*
--<u>Northern Heel Corp. v. Compo Indus.</u>, 851 F.2d 456 (1st Cir. 1988)

## INTRODUCTION

Plaintiff Liberty Media Holdings ("LMH") is to be commended for one thing: it has significantly (and properly) narrowed the issues faced by this Court in deciding this motion by effectively conceding that it cannot make the necessary showing to support personal jurisdiction with respect to Defendants Sergey Letyagin ("Mr. Letyagin") and Ideal Consult, Ltd. ("Ideal")(collectively, the "Defendants"). Instead, LMH focuses its entire jurisdictional argument on Fed.R.Civ.P. 4(k)(2), the so-called "federal long-arm statute." The issues can be narrowed further still.

The Defendants are in agreement that "the rule operates when three conditions are met: (1) the cause of action must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of *any* state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process." Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126 (2002). In this way, Rule 4(k)(2) "provides for what amounts to a federal longarm statute in a narrow band of cases in which the United States serves as the relevant forum for a minimum contacts analysis." *Id.* The Defendants, in turn, acknowledge that the Plaintiffs claims of copyright infringement arise under federal law and that there are no state courts in which the Defendants are subject to personal jurisdiction.

This, then, leaves for the Court a single, albeit complex, question: has the Plaintiff carried its burden of proving that exercising jurisdiction over Ideal and Mr. Letyagin in the United States comports with the Due Process requirements of the United States Constitution? The simple answer is that it has not. LMH's opposition relies almost entirely on a potpourri of unsupported assertions, unfounded conjecture, and misstatements of law. Because LMH cannot, and has not, proven facts which could give rise to a finding of personal jurisdiction over the Defendants, the case against them must be dismissed.

## ARGUMENT[1]

I. Fed. R. Civ. P. 4(k)(2) Provides But A Narrow Basis For Jurisdiction.

Given that LMH's entire opposition boils down to its assertion that jurisdiction is proper over the Defendants based on Fed. R. Civ. P. 4(k)(2), it might ordinarily be odd that LMH had not cited a single case in which the Ninth Circuit actually found jurisdiction proper under the Rule. In fairness to LMH, however, it is not odd at all given that the Ninth Circuit has *never* found jurisdiction proper under Rule 4(k)(2), despite having been faced with more compelling facts than those at hand here. Indeed, in *Holland America Line, Inc. v. Windstar Sail Cruises, Ltd.*, 485 F.3d 450 (9th Cir. 2007), the Court specifically noted that "in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule." *Id*. at 462. Five years on (for a total of 19), the Ninth Circuit is still waiting for a case in which it finds jurisdiction to be proper under Rule 4(k)(2).

In *Holland America Line*, for example, the Court found that the Plaintiff could not demonstrate sufficient contacts with the United States, despite having alleged: (a) that an alleged agent of the defendant agreed to a forum selection clause specifying the United States (which the defendants denied); (b) that the Defendants "sold products or sponsored web marketing for products that ended up in Washington"; (c) that marketing representatives and trainers visited the United States; (d) that the Defendants maintained a marketing website and advertised in various marine publications; and (e) that the Defendants made a presentation at a cruise ship leadership forum in Miami, Florida, where the Defendants sponsored a reception and dinner tables.

Similarly, in *Glencore Grain Rotterdam B.V.,* the Court found insufficient the fact that the defendant, a rice exporter located in India had sent a total of 22 shipments of rice from India

---

[1] The Defendants strive not to repeat the arguments previously made in their main brief, but instead address only some of the more egregious misstatements of fact and law in LMH's Opposition.

- 3 -

to ports on the West and East Coasts of the United States as part of its commercial contracts. And, in *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001), the Ninth Circuit found insufficient the fact that the defendant corporation's stock was listed on U.S. Stock exchanges and the fact that it had promoted the sale of its stock in the United States.

It also bears repeating that LMH made these same 4(k)(2) arguments to the Federal Court in the Southern District of Florida, before allowing that case to be dismissed for failure of service of process. Because the 4(k)(2) analysis is a federal one – examining the question of whether the defendants have sufficient contacts with the United States as a whole to comport with Constitutional requirements – the results should not vary from one jurisdiction to another. It's no surprise, then, that LMH takes a "pay no attention to the man behind the curtain" approach to the Florida case, urging this Court to ignore (and essentially overrule) the explicit holdings of a fellow federal court judge. In the Florida action, the Court specifically concluded that jurisdiction could *not* be premised against Mr. Letyagin or Ideal under Fed. R. Civ. P. 4(k)(2):

> Specifically, Plaintiff has not shown that Defendant's conduct can, in line with the Constitution, subject it to jurisdiction in this forum. Plaintiff contends that Defendant has "considerable" web traffic originating from the United States and has presented an exhibit showing that fifteen percent of the visitors to its website are from the United States. ...Precedent, however, establishes that maintaining a website accessible to users in a jurisdiction does not subject a defendant to be sued there; those users must be directly targeted, such that the defendant can foresee having to defend a lawsuit.
>
> ... Here, Plaintiff has alleged that Defendant's website receives traffic and business from United States customers but has not met its burden of showing that Defendant did anything to target customers from the United States or even that anyone from the United States made a purchase on Defendant's website.

*Liberty Media Holdings v. Letyagin*, Case No. 11-62107, Docket No. 47.

The Plaintiff should not consider itself free to wander the country, from judicial district to judicial district, making the same arguments, yet aiming for a different result.

    II.    The Plaintiff Has Offered Little More Than Unsupported Assertions To Support Its Argument That The Defendants Have Sufficient Minimum Contacts With the United States.

The Ninth Circuit has repeatedly cited the three prong burden-shifting test that it first articulated in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) as the controlling test for analyzing a claim of specific personal jurisdiction.[2]  The prongs are:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Id.* at 802.

   A. Defendants Were Unaware of LMH's Existence and, Even If This Were Not The Case, Mere Knowledge of The Copyright Holder's Location is Not Enough To Establish Jurisdiction.

In its Opposition, LMH pretends that the first prong of the *Schwarzenegger* test can be met simply by its stating that its principal place of business is in Nevada; that the Defendants have infringed LMH's copyrights, and that the Defendants knew that LMH was in Nevada at the time of the alleged infringements.  LMH is incorrect both legally and factually.

First, as is evidenced by Mr. Letyagin's second affidavit, neither he nor Ideal knew that LMH was located in Nevada when the alleged infringements occurred.  Indeed, neither Mr. Letyagin nor Ideal knew that LMH existed before they were contacted by a representative of LMH, Jason Tucker, who informed them of the existence of the lawsuit in Florida.  *See Second Letyagin Affidavit,* attached hereto as **Exhibit 1.**  Nor did they post the allegedly infringing

---

[2] It is odd that the Plaintiff did not once cite the Ninth Circuit's leading case in its Opposition.  Clearly it is not because LMH is unaware of the case – it cites it extensively in its Opposition to a Motion to Dismiss in *Liberty Media Holdings, LLC v. Tabora*, 11-CV-651-IEG-JMA, Docket No. 26 (December 5, 2011).  Instead, it appears that, because LMH does not like where *Schwarzenegger* and its progeny would inexorably lead this court, it chooses to pretend that they don't exist.

materials or know the identities of those who did. *Id.* This being the case (and LMH being able to provide nothing of substance to the contrary), LMH cannot possibly hope even to show that the Defendants knowingly targeted an individual in Nevada.

Nevertheless, in its Opposition, LMH strenuously argues that the alleged posting of LMH's works demonstrates that the Defendants specifically targeted Nevada solely by virtue of the fact that LMH is located in Nevada. *See, e.g.,* Opposition at pp. 1-2 ("The harm from the Defendants' unlawful activities is aimed at this Nevada Company, and the damage from the infringement on the site is felt in Nevada." and p. 15 ("Defendants' infringement of Liberty's copyrights is aimed at Plaintiff, who is located in Nevada, thus independently justifying the exercise of jurisdiction. ...the infringement is aimed at harming Plaintiff in its business, and Defendant knew and knows that Plaintiff is an American company located in Nevada.")

In support of these assertions, LMH offers nothing other than reference back to its own complaint. *See* Opposition, p. 7. Preliminarily, because it is LMH's burden to prove the existence of jurisdiction, such reliance on its own pleadings is insufficient. In addition, as is noted above, until LMH contacted the defendants, post alleged-infringement, raised claims of infringement, neither Mr. Letyagin, nor Ideal had any idea who or what LMH was, much less where it was located.

Indeed, LMH seems to have a little difficulty itself understanding where it is located or, at a minimum, it seems to have a consistency problem when it makes representations to Federal Courts about where it is actually located. LMH's complaint claims that the infringement in this case took place in **September of 2011** and that the Defendants knew that the harm from such alleged infringement would be felt in Nevada. Interestingly, though, on **October 21, 2011**, in a complaint that it filed in the Federal Court in the Southern District of California, LMH made the following representation to the Court:

> *Defendants knew that Plaintiff was a California resident, that the work was produced by a California resident, and thus, any harm from the illegal distribution of the DVD would be felt in California. In committing video piracy of this film, the Defendants expressly aimed their unlawful actions at a known forum resident. Any claim that their conduct was caused [sic] elsewhere would be sanctionably false. There is no other place where the harm could have been felt.*

*Liberty Media Holdings, LLC v. Tabora*, 11-CV-651-IEG-JMA, Docket No. 18 (October 21, 2011).

Two months later, in opposing the Defendants' motion to dismiss, LMH again averred and submitted supporting affidavits indicating that it was a California company, that the Defendants had to have known that LMH was a California company, and that any harm would have been felt in California. *See, e.g., Tabora*, Docket Nos. 26, 26-6. *See also Tabora*, Docket Nos. 12-13.

In *Tabora*, LMH also pointed to notices posted in the opening frames of its DVD movies as identifying the Plaintiff as a California company as supporting a finding that the Defendants knowingly aimed their conduct at California. *See,* e.g. *Tabora*, Docket Nos. 26 and 26-3. Here, LMH makes similar claims as to why the Defendants aimed their conduct at Nevada. *See*, Complaint, ¶97.

In rejecting this argument, the *Tabora* Court held that "Plaintiff's statement and the statements in the declarations provided by Plaintiff are misleading," noting that the opening screens only identify California as a place where the "producer's records custodian" was located and that there was no reason why a person viewing the DVD would assume that LMH was itself located in Nevada. *Liberty Media Holdings, LLC v. Tabora*, 2012 U.S. Dist. LEXIS 1101 (S.D. Cal. 2012).

In *Tabora*, LMH attempted to argue also that jurisdiction was proper in California, citing Ninth Circuit precedent that it claimed supported a "constructive knowledge" basis for jurisdiction because "California is the epicenter of the adult entertainment industry." *Id.* at *18-

- 7 -

19.  The *Tabora* Court rejected the jurisdictional argument as "a complete distortion of the Ninth Circuit's language...."

Ultimately, the *Tabora* Court rejected all of the LMH's jurisdictional arguments, as well as its request for jurisdictional discovery, because of LMH's failure to make even a prima facie showing that it could meet the three-part *Calder* test utilized by the Ninth Circuit.

Even if LMH could demonstrate that the Defendants knew that LMH was in Nevada – or the United States – without more, that simply would not have been enough.  *Lang v. Morris*, 823 F. Supp. 2d 966, 972 n.2 "(N.D. Cal. 2011) ("This Court has been unable to find any case in which a court relied only on the defendant's knowledge of the plaintiff's residency (coupled with an allegation of copyright infringement or other tortious conduct) in finding specific personal jurisdiction)(citing *Righthaven, LLC v. Virginia Citizens Defense League*, 2011 U.S. Dist. LEXIS 67659 (D. Nev. June 23, 2011) and *Righthaven, LLC v. South Coast Partners, Inc.,* 2011 U.S. Dist. LEXIS 12802 (D. Nev. Feb. 8, 2011) as examples of a case relying upon more than just the defendants knowledge of the plaintiff's residency).  *See also Washington Shoe Co. v. A-Z Sporting Goods, Inc.,* 2011 U.S. Dist. LEXIS 12268, *8-9 (W.D. Wa. 2011)(In order to justify exercise personal jurisdiction over a defendant, the Ninth Circuit "requires more that the individual targeting of a known forum resident," it requires "conduct directly targeting the forum").

Indeed, the Court need look little further than *Facebook v. Pederson*, 2012 U.S. Dist. LEXIS 30775 (N.D. Ca. 2012) to understand the full absurdity of LMH's claim.  There, the Court was faced with claims brought by Facebook against the defendants, Norwegian residents, who operated a website named Faceporn.com.  In addition to the similar name, the defendants website intentionally copied key elements of Facebook's protected trademarks.  Nevertheless, the Court there, *sua sponte* (because the Defendants never appeared in Court to defend against

- 8 -

the action), held that the case had to be dismissed for lack of personal jurisdiction over the Norwegian defendants.  Clearly, if knowledge of California's most famous corporation and alleged use of its intellectual property is not – in and of itself – a sufficient basis to find jurisdiction, "something more" must be required.  LMH has shown neither knowledge or something more and, as such, the Defendants cannot be subject to personal jurisdiction in this Court.

> B.  The Existence of Third Party Advertisements on the Sunporno Website Is An Insufficient Basis Upon Which To Assert Jurisdiction.

Plaintiff theorizes that "[a]n owner has complete control over what is shown on its website," and that, as a result, personal jurisdiction may be had over Ideal based solely upon the conduct of third parties who advertise on, or whose websites are linked to, Ideal's website.  See Opposition, p. 13.  Unfortunately for Plaintiff, this theory has been repeatedly and unequivocally rejected.  *See, e.g., Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218, 1225-26 (9th Cir. 2011)(although Plaintiffs alleged that the defendant "allows third parties to advertise jobs, hotels, and vacations in California on its website; sells, or allows a third-party vendor to sell, tickets to California events on its website; employs a California firm to design its website; has business relationships with a California-based national news organization, an Internet advertising agency, and a wireless provider; and maintains a 'highly interactive' website," the 9th Circuit held that "these contacts fall well short of the requisite showing for general jurisdiction. ...Third parties use Brand's website to advertise California jobs, hotels, and vacations.  A substantial number of the website visitors to whom these advertisements are directed are California residents.  But Brand does not 'solicit[ ] . . . business in the state' by carrying those advertisements. ...Instead, it allows other entities to solicit business by taking advantage of Brand's existing user base"); *Zamora Radio, LLC v. Last.FM, Ltd.,* 2011 U.S. Dist. LEXIS 69101 (S.D. Fla. 2011)("Although Defendant AccuRadio concedes that some of AccuRadio's

ad-serving vendors may display different commercial ads to different viewers of AccuRadio's site based on the viewer's location, we agree that these advertisements are not for AccuRadio's service and AccuRadio merely provides banner advertising space on a website for unrelated products and services. ..If it were otherwise, all media outlets that feature advertisements may become subject to jurisdiction in any state regardless of whether they have actually directed their own business activities to the forum."); *Family Watchdog, LLC v. Schweiss*, 2009 U.S. Dist. LEXIS 59404, *16-19 (M.D. Fl. 2009)(Court considered, and rejected, the Plaintiff's argument that personal jurisdiction was proper over certain Defendants based on Plaintiff's allegations that the Defendants "have placed a prominent advertisement for NAR with a link to NAR's website on the [i]nfringing [w]ebsites and . . . receive a commission from the Florida Defendants for each purchase made by consumers that link from the [i]nfringing [w]ebsite to the NAR website in Florida," stating that "While the Schweiss Defendants may have an agreement regarding the posting of NRA's ad, that arrangement does not render NRA their 'middleman' or amount to 'doing business in Florida' in and of itself"); *Roblor Mktg. Group, Inc. v. Gps Indus., Inc.,* 645 F. Supp. 2d 1130, 1155 (S.D. Fla. 2009)("The presence of active links on Intelligolf's website is not, and should not be, enough. We agree that the fact that the website of a company that sells products in Florida can be reached via a link on Intelligolfs' website is too narrow a thread on which to find a meaningful contact for the purposes of due process"); *Dynetech Corp. v. Leonard Fitness, Inc.,* 523 F. Supp. 2d 1344, 1347 (M.D. Fla. 2007)(advertising link on website "too narrow a thread on which to find a meaningful "contact" for the purposes of due process"). *See also Jennings v. Holiday Inn Sunspree Resort,* 2009 U.S. Dist. LEXIS 36193, *17 (E.D. Pa. 2009)("Plaintiffs' argument that Holiday Inns is amenable to suit anywhere and everywhere because a trademark owned by Holiday Inns is used by Sunspree in Sunspree's internet advertising is unpersuasive."). "In simple terms, doing business with a company that does

business in Minnesota is not the same as doing business in Minnesota.  *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998).

## **CONCLUSION**

For the reasons stated hereinabove, Defendants Ideal Consult, Ltd. and Sergej Letyagin respectfully move for the dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

DATED this 30th day of July, 2012.

**COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON**


/s/ James D. Boyle
JAMES D. BOYLE, ESQ.
Nevada Bar No. 008384
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

EVAN FRAY-WITZER, ESQ. (*pro hac vice application pending*)
Massachusetts Bar No. 564349
Email: Evan@CFWLegal.com
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, Massachusetts  02116
Telephone: (617) 426-0000

VALENTIN DAVID GURVITS, ESQ. (*pro hac vice application pending*)
Massachusetts Bar No. 643572
Email: vgurvits@BostonLawGroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts  02459
Telephone:(617) 928-1804

*Attorneys for Defendants, Sergej Letyagin and Ideal Consult, LTD.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 30th day of July, 2012, I caused the document entitled **DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| Marc J. Randazza, Esq.<br>Randazza Legal Group<br>6525 West Warm Springs Rd., Suite 100<br>Las Vegas, Nevada 89118<br>E-mail: mjr@randazza.com | Plaintiff, Liberty Media Holdings, LLC | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |

DATED this 30th day of July, 2012.

/s/ James D. Boyle
An Employee of Cotton, Driggs, Walch, Holley, Woloson & Thompson