JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
E-mail: jboyle@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308
Facsimile:     702/791-1912

EVAN FRAY-WITZER, ESQ.
Massachusetts Bar No. 564349
E-mail: Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 804
Boston, Massachusetts  02116
Telephone:     617/426-0000

Admitted Pro Hac Vice

VALENTIN DAVID GURVITS, ESQ.
Massachusetts Bar No. 643572
Email: vgurvits@BostonLawGroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts  02459
Telephone:     617/928-1804

Admitted Pro Hac Vice

*Attorneys for Defendants Sergej Letyagin and Ideal Consult, LTD.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEJ LETYAGIN, d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50,<br><br>    Defendant. | CASE NO.:    2:12-cv-00923-LRH-(GWF)<br><br>**DEFENDANTS SERGEJ LETYAGIN'S AND IDEAL CONSULT, LTD.'S REQUEST FOR LEAVE TO ACCEPT LATE FILED REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 6 AND LR 6-1**<br><br>**(First Request)** |

Pursuant to Fed. R. Civ. P. 6(b) and LR 6-1, Defendants Sergej Letyagin and Ideal Consult, LTD. (the "Defendants"), by and through their undersigned counsel, respectfully request this Court grant leave to accept Defendants' Reply Brief in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 30) (the "Reply Brief"), which was filed two minutes later than the July 30th deadline established pursuant to LR 7-2(c). As Defendants set forth below, the lateness in filing the Reply Brief—though minor—nevertheless occurred despite Defendants' best good faith effort to comply with the filing deadline, and therefore out of an abundance of caution and in respect of this Court's governing rules, Defendants request leave of this Court to accept the late-filed Reply Brief.

This Request for Leave (the "Request") is based upon the pleadings and records on file herein, the Memorandum of Points and Authorities set forth below, the Declaration of Valentin David Gurvits, Esq. (the "Gurvits Decl."), attached hereto and incorporated herein as **Exhibit 1,** and the oral argument of counsel presented to this Court, if any.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss") on July 2, 2012 (Docket No. 16). Plaintiff filed its response on July 19, 2012 (Docket No. 28). Pursuant to LR 7-2 and Special Order 109, Defendants' reply was due on July 29, 2012 (a Sunday) and accordingly the Reply Brief became due by the end of day of July 30, 2012 pursuant to Fed. R. Civ. P. 6(a)(1)(c).

Defendants' pro hac vice counsel, Valentin Gurvits ("Attorney Gurvits") and Evan Fray-Witzer ("Attorney Fray-Witzer") (together, "Pro Hac Counsel"), represent certain other defendants, Igor Kovalchuck, ERA Technologies, Ltd. and Extron Worldwide Corp. (the "Florida Defendants") in a similar action pending in the United States District Court for the Southern District of Florida, captioned as *Cybernet Entertainment, LLC v. Kovalchuck*, Case No. 0:12-cv-606600-RNS ( the "Florida Action"). Gurvits Decl. at ¶ 2. Attorney Marc Randazza ("Attorney Randazza") represents the plaintiff, Cybernet Entertainment, LLC, in the Florida Action and is also Plaintiff's counsel in the present action. Gurvits Decl. at ¶ 3.

09627-01/920706_2.doc

1    In the Florida Action, Attorney Randazza served an individual whom Attorney Randazza
2  knew was not authorized to accept service on behalf of the Florida Defendants. Gurvits Decl. at
3  ¶ 5. Despite this knowledge, on July 19, 2012, Attorney Randazza sent an email to Attorney
4  Gurvits, declaring his intention to file a return of service in the Florida Action (knowingly based
5  on improper service) and to seek default. Gurvits Decl. at ¶ 4. On July 24, 2012, Attorney
6  Randazza filed a proof of service and a motion for default in the Florida Action, which resulted
7  in an automatic issuance of a default. Gurvits Decl. at ¶ 6. Consequently, Attorneys Gurvits and
8  Fray-Witzer were formally retained by the Florida Defendants to represent them in the Florida
9  Action and to secure local counsel. Gurvits Decl. at ¶ 6.
10   Due to Pro Hac Counsel's understanding that prompt action must be taken by a party
11 seeking to remove a default, Pro Hac Counsel was required to prioritize the Florida Action
12 despite knowing that Defendants' Reply Brief in the present action was due by July 30, 2012.
13 Gurvits Decl. at ¶ 8. Accordingly, Pro Hac Counsel dropped everything to draft and file a
14 Motion to Quash and Motion for Sanctions in the Florida Action, which is now pending before
15 the Court in the Southern District of Florida. Gurvits Decl. at ¶ 7. After the motions were filed
16 in the Florida Action, Attorney Gurvits emailed Attorney Randazza to request a two-day
17 extension to file Defendants' Reply Brief in light of the emergency created in the Florida Action
18 due to the entry of default. Gurvits Decl. at ¶ 10. Attorney Randazza neither agreed nor refused
19 to grant the extension, but instead replied with ambiguity. Gurvits Decl. at ¶ 11.
20   On July 30, 2012, Attorney Gurvits sent additional emails to Attorney Randazza
21 throughout the day requesting confirmation that Attorney Randazza would stipulate to a two-day
22 extension for Defendants to file their Reply Brief. Gurvits Decl. at ¶¶ 12 and 15. At 3:41 p.m.
23 PDT, Attorney Fray-Witzer sent an email to Attorney Randazza further requesting an extension,
24 but Attorney Randazza did not reply. Gurvits Decl. at ¶ 14. At 3:47 p.m. PDT, Attorney Gurvits
25 sent a final email to Attorney Randazza once again requesting an extension, but Attorney
26 Randazza again failed to answer and ceased all further communication with Pro Hac Counsel.
27 Gurvits Decl. at ¶ 15.
28   As a direct result of the emergency situation created in the Florida Action and the initial,

intentionally ambiguous responses to multiple requests for an extension that ultimately ended in complete silence on the matter, Pro Hac Counsel immediately recommenced work on the Reply Brief and diligently worked to complete the brief prior to the filing deadline of July 30, 2012, but were slightly tardy in completing the filing by two minutes past the deadline (the filing occuring at 12:02 a.m. PDT on July 31, 2012). <u>See</u> Gurvits Decl. at ¶ 16.

Moreover, the time restraints faced by Pro Hac Counsel precluded them from addressing a number of additional arguments and additional cases which Pro Hac Counsel believes would aid this Court in its consideration of Defendants' pending Motion to Dismiss, and Pro Hac Counsel chose to stop working on Defendants' reply out of respect of the deadline set by this Court. Gurvits Decl. at ¶ 17. Pro Hac Counsel regrets that it nonetheless missed the deadline by two minutes, but would be happy to submit to this Court an amended reply with the additional arguments and cases that Pro Hac Counsel was unable to include due to the circumstances outlined above should the Court be interested. Gurvits Decl. at ¶ 17.

## II.     ARGUMENT

**A.     Legal Standard**

Federal Rule of Civil Procedure 6(b) authorizes a court to permit upon motion the late filing of a response to a motion where the failure timely to file was the result of excusable neglect. <u>See</u> Fed. R. Civ. P. 6(b)(1)(B). The determination of excusable neglect is left to the sound discretion of the district court. <u>See</u> <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983). Similarly, LR 6-1 permits a party to request an extension of time, and permits the Court to grant such a request following the expiration of the specified period upon a showing of excusable neglect. <u>See</u> LR 6-1.

In determining whether there has been excusable neglect, courts apply a four-part balancing test. <u>See</u> *Pincay v. Andrews, 389 F.3d 853, 855* (9th Cir. 2004) (en banc) (*citing Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)). The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant,

- 4 -

and (4) whether the moving party's conduct was in good faith. *Id.* at 855.

**B.     All Four *Pioneer* Factors Militate in Favor of Excusable Neglect.**

In the instant matter, the *de minimus* length of the delay and the circumstances surrounding the delay informs all four of the *Pioneer* factors. Defendants filed their Reply Brief just two minutes past the deadline. A two minute delay is certainly *de minimus* and it is highly unlikely that such an inconsequential amount of time is capable of prejudicing the Plaintiff or these judicial proceedings. Further, the reason for the delay was due, in part, to circumstances created by Plaintiff's counsel, from which Defendants' counsel made multiple good faith efforts to secure a stipulated extension.

Firstly, the Plaintiff is not prejudiced by a two minute delay in the filing of Defendants' reply. Plaintiff has not staked a position or otherwise relied on Defendants' untimely reply of two minutes. Further, Defendants' reply is the last brief to be submitted for this Court's determination of Defendants' Motion to Dismiss and Plaintiff has no automatic, procedural right to a response thereto without leave of Court. Moreover, Plaintiff was aware that Defendants intended to file a response as evidenced by Pro Hac Counsel's multiple attempts to secure an extension from Plaintiff. Plaintiff is in no way prejudiced by Defendants' two minute delay in filing its reply and therefore this factor weighs in favor of Defendants.

Secondly, the two minute delay does not negatively impact these judicial proceedings. The Ninth Circuit has previously held that the failure to contact the court for 24 days did not constitute a significant delay. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). In the present case, Defendants filed their reply two minutes late. If 24 days does not constitute undue delay under Ninth Circuit jurisprudence, a two minute delay most certainly should not. The second *Pioneer* factor, therefore, weights in favor of Defendants as well.

Thirdly, the two minute delay in filing Defendants' Reply Brief was due, at least in part, to the emergency situation created in the Florida Action that took Pro Hac Counsel's time and attention away from Defendants' Reply Brief and forced them to attend to the Florida Action. Pro Hac Counsel was placed in the difficult situation of having to choose between pending deadlines in concurrent actions. Due to the serious adverse effects of the default taken by the

1  clerk in the Florida Action, Pro Hac Counsel was forced to address that matter before turning
2  their attention to the instant action. The Ninth Circuit has previously found that jet lag and the
3  time it took to sort through the mail were "weak" reasons but revealed "negligence and
4  carelessness, not…deviousness or willfulness." *Bateman*, 231 F.3d at 1225.  The emergency
5  situation and competing deadlines faced by Pro Hac Counsel is at least as compelling – if not
6  more so – as jet lag and a failure to sort the mail.  As in *Batemen*,  these reasons are sufficient to
7  establish excusable neglect.  Thus, this factor too weighs in favor of Defendants.

8  　　　　Lastly, Defendants at all times herein have acted in good faith and are not willfully
9  flouting this Court's rules.  Pro Hac Counsel made multiple attempts to obtain an extension from
10 Attorney Randazza but to no avail.  Indeed, after numerous communications with Pro Hac
11 Counsel about an extension, Attorney Randazza simply stopped communicating.  Without any
12 word from Attorney Randazza after 3:47 p.m. PDT, Pro Hac Counsel diligently turned their
13 attention to completing and filing Defendants' Reply Brief.  Given Defendants' good faith efforts
14 to abide by this Court's rules and deadlines, the fourth *Pioneer* factor also weighs in favor of
15 Defendants.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III. CONCLUSION

For the reasons stated above, all four *Pioneer* factors weigh in favor of Defendants and this Court should grant Defendants' request for leave to accept Defendants' late filed Reply in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

DATED this 31st day of July, 2012.

**COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON**

/s/ Valentin D. Gurvits
JAMES D. BOYLE, ESQ.
Nevada Bar No. 008384
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

EVAN FRAY-WITZER, ESQ.
Massachusetts Bar No. 564349
E-mail: Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 804
Boston, Massachusetts 02116
Telephone:617/426-0000

Admitted Pro Hac Vice

VALENTIN DAVID GURVITS, ESQ.
Massachusetts Bar No. 643572
Email: vgurvits@BostonLawGroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts 02459
Telephone:617/928-1804

Admitted Pro Hac Vice

Attorneys for Defendants Sergej Letyagin and Ideal Consult, LTD.

09627-01/920706_2.doc

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 31st day of July, 2012, I caused the document entitled **DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S REQUEST FOR LEAVE TO ACCEPT LATE FILED REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| Marc J. Randazza, Esq.<br>Ronald D. Green, Esq.<br>Randazza Legal Group<br>6525 West Warm Springs Rd., Suite 100<br>Las Vegas, Nevada  89118<br>E-mail: mjr@randazza.com | Plaintiff, Liberty Media Holdings, LLC | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |

DATED this 31st day of July, 2012.

/s/ Kim Cooper
An Employee of Cotton, Driggs, Walch, Holley, Woloson & Thompson