# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | ) | |
| Plaintiff, | ) ) | Case No.  2:12-cv-00923-LRH-GWF |
| vs. | ) ) | **ORDER** |
| SERGEJ LETYAGIN, d/b/a SUNPORNO.COM, *et al.*, | ) ) ) | **Motion for Leave to Conduct Immediate Discovery - #13** |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff Liberty Media Holdings, LLC's Motion for Leave to Conduct Immediate Discovery (#13), filed on June 18, 2012; Defendants Sergej Letyagin and Ideal Consult, Ltd.'s Opposition to Motion for Leave to Conduct Immediate Discovery and Cross-Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss (#19, #20), filed on July 5, 2012; and Plaintiff's Reply to Defendants' Opposition to Motion for Leave to Conduct Immediate Discovery (#21), filed on July 10, 2012.  The Court conducted a hearing in this matter on July 17, 2012.

## BACKGROUND

Plaintiff Liberty Media Holdings, LLC has filed suit against Defendants Sergej Letyagin, d/b/a SunPorno.com, Ideal Consult, Ltd., "advert," "Casta," "Trikster," "worker," "likis," and "tester," and Does 1-50, for copyright infringement in violation of 17 U.S.C. §501. *Complaint (#1)*.  Plaintiff alleges that it is a California limited liability company with a principal place of business in Las Vegas, Nevada. *Id.* ¶6.  Plaintiff alleges that it produces, markets and distributes adult-oriented (i.e. pornographic) audiovisual works under registered trademarks, including photographs, books, DVDs, and through the operation of a website on which individuals purchase

monthly subscriptions to view Plaintiff's works and audiovisual content. *Id.* ¶7.  Plaintiff alleges that Defendants Sergej Letyagin, d/b/a SunPorno.com and Ideal Consult, Ltd. own, operate or control the SunPorno website that provides adult-themed audiovisual content to its members. Plaintiff alleges that many of the works available on the SunPorno website appear to be copyrighted videos that have been stolen from a number of adult entertainment companies, including Plaintiff. Plaintiff further alleges that the SunPorno website is free for members to join, view and download a large number of videos, including at least six of Plaintiff's copyrighted works.  SunPorno also provides premium memberships through a third party company which allows members to view and download DVD quality movies in HD format, also in violation of the owners' copyrights for those works.  *Id.* ¶64.

Plaintiff served the complaint on Defendants Sergej Letyagin and Ideal Consult, Ltd.  On July 2, 2012, these Defendants filed a motion to dismiss the complaint against them for lack of personal jurisdiction.  *See Motion to Dismiss (#16).*  Defendants state that Ideal Consult, Ltd. is a company headquartered in Seychelles, an island country located in the Indian Ocean, and that Sergej Letyagin is a resident of the Czech Republic. *Motion to Dismiss (#16), pg. 3*.  Defendants argue that this court lacks personal jurisdiction over them pursuant to Fed.R.Civ.P. 4(k)(1)(A) and Nevada's long-arm statute, which is coextensive with federal due process, because there are insufficient minimum contacts between Defendants and the State of Nevada.  *See Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800 (9th Cir. 2004); *Righthaven, LLC V. South Coast Partners, Inc.*, 2011 WL 534046, *2 (D.Nev. 2011).  Defendants also argue that the court lacks personal jurisdiction over them pursuant to Fed.R.Civ.P. 4(k)(2) which provides for personal jurisdiction over a foreign defendant if the claim arises under federal law, the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

In its opposition to the motion to dismiss, Plaintiff concedes that it cannot establish personal jurisdiction over Defendants pursuant Nevada's long-arm statute without conducting jurisdictional discovery.  Plaintiff argues, however, that the court should deny Defendants' motion pursuant to Fed.R.Civ.P. 4(k)(2) which sanctions personal jurisdiction over a foreign defendant for claims

arising under federal law when the defendant has sufficient contacts with the United States as a whole, but is without sufficient contacts to justify the due process concerns of the long-arm statute of any particular state. *Opposition to Motion to Dismiss (#28), pg. 4,* citing *6 World Tanker Carriers Corp. v. MV & Ya Mawlaya*, 99 F.3d 717, 720 (5th Cir. 1996) and *Getz v. Boeing Co.*, 654 F.3d 852, 859-60 (9th Cir. 2011). Plaintiff notes that Defendants have not conceded that they are subject to personal jurisdiction in any state of the United States. The Seventh Circuit states that if the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). *Id. pg. 6,* citing *ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001).[1] Plaintiff argues that Defendants' purposeful activities and contacts in the United States, as a whole, are more than sufficient to support the exercise of personal jurisdiction over the Defendants. In the event the court denies personal jurisdiction over Defendants pursuant to Fed.R.Civ.P. 4(k)(2), however, Plaintiff requests leave to conduct jurisdictional discovery to support the exercise of personal jurisdiction over Defendants Letyagin and Ideal Consult, Ltd. in the District of Nevada.

      Plaintiff filed the instant Motion for Leave to Conduct Immediate Discovery (#13) before Defendants Letyagin and Ideal Consult, Ltd. filed their motion to dismiss. Plaintiff requests leave to conduct discovery to determine the identities, residences and locations of Defendants "advert," "Casta," "Trikster," "worker," "likis," and "tester." These defendants are collectively referred as the "User Defendants." Plaintiff alleges that each of the User Defendants was a SunPorno user and a member or administrator of the SunPorno website registered under the screen names identified in the complaint. The User Defendants were allegedly responsible for the unauthorized uploading of Plaintiff's copyrighted works onto the SunPorno website which then allowed the works to be viewed by thousands of viewers. Plaintiff states that it only knows the alias screen names that the User Defendants used when they unlawfully uploaded Plaintiff's works to the SunPorno website.

. . .

---

[1] While not all federal courts have adopted the Seventh Circuit's burden shifting mechanism, it has recently been adopted by the Federal Circuit in *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1284, 1294 (Fed.Cir. 2012).

Plaintiff requests authorization for two methods of discovery. First, Plaintiff requests that the Court order "SunPorno.com," i.e. Defendant Letyagin, to produce any and all documents and/or information sufficient to identify the User Defendants, including but not limited to all Internet Protocol (IP) addresses and corresponding dates and times used to log onto their accounts. *Motion (#13), pg. 2*. Second, once Plaintiff receives the User Defendants' IP addresses from Defendant Letyagin, it will serve subpoenas on the internet service providers for the IP addresses used by the User Defendants to identify the subscribers for those IP addresses. Plaintiff also requests that the Court order the internet service providers to provide the requested subscriber information in accordance with 47 U.S.C. §551(c)(2)(B).[2]

Defendants Letyagin and Ideal Consult, Ltd. argue that Plaintiff's motion for immediate discovery should be denied because it has failed to show good cause for conducting immediate discovery. Defendants further argue that they should not be burdened with responding to any discovery until the Court rules on their motion to dismiss for lack of personal jurisdiction. Defendants request that the Court stay all discovery pending a decision on that motion. *Defendants' Opposition and Cross-Motion to Stay (#19, #20)*.

## DISCUSSION

Rule 26(d)(1) of the Federal Rules of Civil Procedure states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D.Cal. 2002), the court adopted a good cause standard for evaluation requests for expedited discovery. The court stated that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the

---

[2] Although Plaintiff does not so state in its motion, once it obtains the subscriber information for the IP addresses, it will need to conduct further discovery to identify the User Defendants who are not necessarily the same persons as the IP address subscribers. *See Hard Drive Productions, Inc. v. Does 1-90*, 2012 WL 1094653, *3 (N.D.Cal. 2012) (noting that the subscriber may be the alleged infringer, or simply the person who pays for internet access in a particular household and who is personally innocent of the alleged infringement).

responding party." *Id.* 208 F.R.D. at 276. *Semitool* noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition. *Id.*

In *Hard Drive Productions v. Does 1-90*, 2012 WL 1094653, *1 (N.D.Cal. 2012), the court listed the following factors that courts consider when expedited discovery is sought to identify a defendant, who is either listed as a "John Doe" or known only by an alias name: Whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against the missing defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

The court in *Hard Drive* also cited *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980) in which the Ninth Circuit stated that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." The plaintiff in *Gillespie* requested leave to serve interrogatories on the named defendants to obtain information in their possession, custody or control that would allow him to identify the Doe defendants. The court held that it was an abuse of discretion for the district court to deny such discovery where the plaintiff had potentially viable claims against the Doe defendants. *Id.*

Federal district courts in California have decided motions for expedited discovery regarding Doe defendants in several lawsuits in which plaintiff-copyright owners of adult entertainment videos sought discovery to identify Doe defendants who allegedly uploaded the plaintiffs' copyrighted videos onto internet file sharing programs. *See Hard Drive Productions v. Does 1-90*, 2012 WL 1094653, at *1 n.1 (listing cases); and *AF Holdings LLC v. John Doe*, 2012 WL 2921356, at *1 (E.D.Cal. 2012) (also listing cases). The plaintiffs in those cases were able to identify the IP addresses used by the alleged infringers by monitoring activity on the file sharing

program. The plaintiffs moved for leave to serve subpoenas on the internet service providers to obtain the the subscriber information associated with the IP addresses on the dates of the alleged infringements. The court in *AF Holdings LLC* noted that "several District Courts in California, applying the test in *Semitool*, found good cause to allow expedited discovery to ascertain the identity of a Doe defendant in copyright infringement actions." *Id.* 2012 WL 2921356, at *1 (case citations omitted). In finding that plaintiff had sufficiently demonstrated its need for such expedited discovery, the court stated:

> Plaintiff obviously cannot conduct a Rule 26(f) conference with an unidentified defendant and will need to conduct pre-conference discovery to ascertain the identity of the Doe defendant, amend its complaint, and move the case forward. There does not appear to be any other way for plaintiff to identify the defendant and pursue the lawsuit to protect its copyrighted Video. Given that plaintiff has identified the defendant by the IP address assigned by his or her ISP, it seems likely that the requested discovery will identify the unknown defendant. Furthermore, there is some need for exigency given the risk that the information sought may be inadvertently destroyed by Comcast Cable Communications LLC in the ordinary course of business.

*AF Holdings LLC v. John Doe*, 2012 WL 2921356, at *2.

The court stated that permitting such discovery would not be unduly burdensome to the internet service provider upon whom the subpoena would be served. The court also found that the requested discovery would not be prejudicial to the Doe defendant because it was narrowly tailored and only sought the minimum amount of information needed to identify the potential defendant—his or her name, address, telephone number, and e-mail address. The proposed discovery did not seek early admissions, answers to interrogatories, or depositions during which defendants might "unwarily" incriminate themselves before they had the opportunity to retain counsel. *Id.* at *2.[3]

---

[3] In *Hard Drive Productions v. Does 1-90*, 2012 WL 1094653, the court denied plaintiffs' motion for similar expedited discovery in regard to 90 Doe defendants. The court was concerned that the plaintiff was abusing the judicial process by naming numerous Doe defendants in a single action, and that once plaintiff obtained their identities, it would use the threat of an amended complaint identifying the defendants by their true names to extort settlements. The court noted that in similar cases involving multiple Doe defendant cases, the complaints were never amended to

1    In this case, Plaintiff does not appear to have any means to identify the User Defendants
2 other than through the discovery it proposes to conduct. On that basis, good cause exists to support
3 the requested discovery. Based on the representations made by counsel for Defendants Letyagin
4 and Ideal Consult, Ltd. during the hearing on this motion, it also appears that these Defendants
5 have some information regarding the identities of the User Defendants. In this regard, Defendants'
6 counsel represented to the Court that the User Defendants are not residents of Nevada or the United
7 States. Defendants Letyagin and Ideal Consult, Ltd. have not disputed that they can provide IP
8 addresses used by the User Defendants on the dates that they allegedly uploaded Plaintiff's works
9 to the SunPorno website.

10    A defendant should not be required to engage in expensive and burdensome discovery in a
11 court that has no jurisdiction over him. *E.I. Du Pont De Nemours and Co. v. Telfon Blood, Inc.*,
12 2010 WL 1957306, *2 (D.Colo. 2010). On the other hand, a defendant may properly be required to
13 submit to discovery relating to the issue of personal jurisdiction. Here, Plaintiff is seeking
14 discovery from Defendants Letyagin and Ideal Consult, Ltd. to identify the true names of other
15 defendants that are unknown and otherwise unavailable to the Plaintiff. It is debatable whether
16 such discovery is relevant to the issue of whether this Court has personal jurisdiction over
17 Defendants Letyagin and Ideal Consult, Ltd. Having reviewed the briefs on Defendants' pending
18 motion to dismiss, however, it appears that Plaintiff has a potentially valid argument for the
19 exercise of personal jurisdiction over Defendants Letyagin and Ideal Consult, Ltd. pursuant to Rule
20 4(k)(2). Furthermore, even if the District Court ultimately concludes that personal jurisdiction is
21 lacking over Defendants Letyagin and Ideal Consult, Ltd., they will not be prejudiced or
22 significantly burdened by being required to produce information in their possession, custody or
23 control relating to the identities of the User Defendants, including, but not necessarily limited to,

---

identify the defendants by their true names after the courts authorized expedited discovery. This case is distinguishable from *Hard Drive* in that Plaintiff has named only six User Defendants against whom there appears to be credible evidence of infringement. While it is possible that the User Defendants may prefer to settle with Plaintiff once their identities are revealed, this is not sufficient grounds to deprive Plaintiff of the ability to obtain their identities.

the IP addresses used by those defendants. Plaintiff is not entitled, however, to conduct any other discovery from Defendants Letyagin and Ideal Consult, Ltd. at this time.

Accordingly, the Court authorizes Plaintiff to serve interrogatories and/or requests for production on Defendants Letyagin and Ideal Consult, Ltd. to provide any and all information and/or documents in their possession, custody and control sufficient to identify SunPorno.com users "advert," "Casta," "Trikster," "worker," "likis," and "tester," including but not limited to said Defendants' true names, addresses, e-mail addresses, IP addresses and dates and times of logins to SunPorno.com.

It is possible that Defendants Letyagin and Ideal Consult, Ltd. will provide information sufficient to identify the User Defendants without the need for Plaintiff to subpoena subscriber information from the internet service providers. It is also possible that Plaintiff will need to serve such subpoenas if Defendants Letyagin and Ideal Consult, Ltd. are only able to provide IP addresses for the User Defendants. In such event, Plaintiff may apply to the Court for an order directing the internet service provider to produce subscriber information for the IP address that was used by an otherwise unidentified User Defendant to upload Plaintiff's works onto the SunPorno website. Upon such application and showing, the Court will promptly order that the internet service provider produce subscriber information to the Plaintiff in response to a properly served subpoena, and in accordance with the provisions of 47 U.S.C. §551(c)(2)(B).

The Court will otherwise stay discovery in this action pending a decision on the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (#16), except as the District Judge may permit in response to Plaintiff's alternative request, in its opposition to the motion to dismiss, for jurisdictional discovery.

**CONCLUSION**

The Court finds that good cause exists for expedited discovery by Plaintiff for the purpose of identifying the so-called User Defendants "advert," "Casta," "Trikster," "worker," "likis," and "tester." The Court also finds that Defendants Letyagin and Ideal Consult, Ltd. will not be prejudiced or unduly burdened by such limited discovery. Accordingly,

. . .

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Conduct Immediate Discovery (#13) is **granted** as follows:

1. Plaintiff is authorized to serve interrogatories and/or requests for production pursuant to Fed.R.Civ.Pro. 33 and 34 on Defendants Letyagin and Ideal Consult, Ltd. to obtain any and all information and/or documents in their possession, custody and control sufficient to identify SunPorno.com users "advert," "Casta," "Trikster," "worker," "likis," and "tester," including but not limited to said Defendants' true names, addresses, e-mail addresses, IP addresses and dates and times of logins to SunPorno.com.

2. Plaintiff may hereafter apply to the Court for an order authorizing the issuance and service of subpoenas on the internet service providers for the subscriber information for the IP addresses used by any of the User Defendants who cannot otherwise be identified based on the information or documents provided by Defendants Letyagin and Ideal Consult, Ltd.

**IT IS FURTHER ORDERED** that Defendants' Cross-Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss (#20) is **granted** in regard to other discovery, unless otherwise authorized by court order.

DATED this 1st day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge