JAMES D. BOYLE, ESQ.
Nevada Bar No. 008384
E-mail: jboyle@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:      702/791-0308
Facsimile:      702/791-1912

EVAN FRAY-WITZER, ESQ.
Massachusetts Bar No. 564349 (Admitted Pro Hac Vice)
E-mail: Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 804
Boston, Massachusetts  02116
Telephone:      617/426-0000

VALENTIN DAVID GURVITS, ESQ.
Massachusetts Bar No. 643572 (Admitted Pro Hac Vice)
Email: vgurvits@BostonLawGroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton, Massachusetts  02459
Telephone:      617/928-1804

*Attorneys for Defendants Sergej Letyagin and Ideal Consult, Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEJ LETYAGIN, d/b/a SUNPORNO.COM;<br>IDEAL CONSULT, LTD.; "ADVERT";<br>"CASTA"; "TRIKSTER"; "WORKER";<br>"LIKIS"; "TESTER"; and DOES 1-50,<br><br>    Defendants. | CASE NO.:    2:12-cv-00923-LRH-(GWF)<br><br>**DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S OPPOSITION TO MOTION TO STRIKE THE SECOND AFFIDAVIT OF SERGEJ LETYAGIN** |

Defendants Sergej Letyagin ("Mr. Letyagin") and Ideal Consult, Ltd. ("ICL") (and collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Opposition to Motion to Strike the Second Affidavit of Sergej Letjagin (the "Opposition Brief").

- 1 -

09627-01/929236.doc

This Opposition Brief is based upon the pleadings and records on file herein, the Memorandum of Points and Authorities set forth below, and any oral argument presented to this Court.

## I.     MEMORANDUM OF POINTS AND AUTHORITIES

*"The lady doth protest too much, methinks."*
Hamlet Act 3, scene 2, 222–230

It's a rather clever trick that Plaintiff Liberty Media Holdings LLC ("Plaintiff") attempts to pull on this Court with Plaintiff's Opposition to the Defendants' Motion to Dismiss and Plaintiff's Motion to Strike the Second Affidavit of Sergej Letyagin (Dkt. No. 34) (the "Motion to Strike").  First, in its Opposition to Mr. Letyagin's and ICL's Motion to Dismiss (Dkt. No. 28), Plaintiff raises a series of unsubstantiated and specious factual allegations, in an attempt to block Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 16).  Then, when the Defendants file a reply brief and supporting affidavit which do nothing more than specifically refute, point by point, the very arguments raised by the Plaintiff, the Plaintiff moves for this Court to strike Mr. Letyagin's second affidavit, claiming that an affidavit filed in support of a reply brief is improper.  It is an argument which is too clever by half.

Preliminarily, the Plaintiff's Motion to Strike cites nothing more than cases which stand for the unremarkable proposition that a party should not ordinarily be permitted to raise in a reply brief new arguments not previously raised because this would leave the opposing party without the opportunity to respond to the newly-raised arguments.  Nothing of the sort has occurred here.  Instead, it was the *Plaintiff* who raised new (and unsupported) arguments in its Opposition.  Had the Defendants *not* responded to these arguments, the Plaintiff would now be telling the Court that the Defendants' silence was an indication that the Defendants could not refute Plaintiff's claims.  Since the Defendants *have* refuted the Plaintiff's claims – with sworn testimony – the Plaintiff has chosen to complain about *that* instead.  It is a classic heads-I-win, tails-you-lose ploy.

Even more telling than what the Plaintiff's Motion to Strike *says*, however, is what it *doesn't* say.  First, nowhere in the Plaintiff's Motion does the Plaintiff ever actually say *what* new arguments or facts were allegedly raised in Mr. Letyagin's second affidavit.  There is a

1    reason for this.  The only "new" facts in Mr. Letyagin's affidavit are those that respond directly

2    to the *Plaintiff's* new allegations (hardly a situation in which the Plaintiff has not had an

3    opportunity to comment upon the facts at issue).

4            Finally, even if the Plaintiff *had* identified some "new" statement in Mr. Letyagin's

5    second affidavit, it has failed entirely to take the opportunity to refute such "new facts" in its

6    Motion to Strike.  As this Court recently held, such a failure renders the Motion to Strike moot.

7    *Langermann v. Seitz*, 2012 U.S. Dist. LEXIS 99445 (D. Nev. July 17, 2012) ("Plaintiff's motion

8    to strike essentially argues that by filing the declaration in the reply he was denied a chance to

9    respond to it. Since Plaintiff's motion to strike gave him the opportunity to address the

10   declaration, and good cause lacking, the Court denies the motion to strike as moot.")

11           It is, in the end, understandable why the Plaintiff would want to strike Mr. Letyagin's

12   second affidavit – Mr. Letyagin's affidavit demonstrates again that the Plaintiff's arguments are

13   without merit and that this Court lacks personal jurisdiction over the Defendants.  That the

14   Plaintiff wishes to shield the Court from the facts, however, is not actually a valid reason for the

15   Plaintiff to be allowed to obtain an order striking Mr. Letyagin's affidavit.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

09627-01/929236.doc

1

## II.   CONCLUSION

2        For the reasons articulated herein, Plaintiff's Motion to Strike the second affidavit of Mr.

3   Letyagin should be denied.

4        DATED this 14th day of August, 2012.

5                                        **COTTON, DRIGGS, WALCH,**
                                         **HOLLEY, WOLOSON & THOMPSON**

6
                                         /s/ James D. Boyle
7                                        JAMES D. BOYLE, ESQ.
                                         Nevada Bar No. 008384
8                                        COTTON, DRIGGS, WALCH,
                                         HOLLEY, WOLOSON & THOMPSON
9                                        400 South Fourth Street, Third Floor
                                         Las Vegas, Nevada 89101
10

11                                       EVAN FRAY-WITZER, ESQ.
                                         Massachusetts Bar No. 564349
                                         E-mail: Evan@CFWLegal.com
12                                       CIAMPA FRAY-WITZER, LLP
                                         20 Park Plaza, Suite 804
13                                       Boston, Massachusetts  02116
                                         Telephone:617/426-0000
14

15                                       *Admitted Pro Hac Vice*

16                                       VALENTIN DAVID GURVITS, ESQ.
                                         Massachusetts Bar No. 643572
                                         Email: vgurvits@BostonLawGroup.com
17                                       BOSTON LAW GROUP, PC
                                         825 Beacon Street, Suite 20
18                                       Newton, Massachusetts  02459
                                         Telephone:617/928-1804
19

20                                       *Admitted Pro Hac Vice*

21                                       *Attorneys for Defendants Sergej Letyagin and*
                                         *Ideal Consult, Ltd.*

22

23

24

25

26

27

28

09627-01/929236.doc

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 14th day of August, 2012, I caused the document entitled **DEFENDANTS SERGEJ LETYAGIN AND IDEAL CONSULT, LTD.'S OPPOSITION TO MOTION TO STRIKE THE SECOND AFFIDAVIT OF SERGEJ LETYAGIN**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| Marc J. Randazza, Esq.<br>Ronald D. Green, Esq.<br>Randazza Legal Group<br>6525 West Warm Springs Rd., Suite 100<br>Las Vegas, Nevada 89118<br>E-mail: mjr@randazza.com | Plaintiff, Liberty Media Holdings, LLC | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |

DATED this 14th day of August, 2012.

_Carol Efy_
An Employee of Cotton, Driggs, Walch, Holley, Woloson & Thompson

- 5 -

09627-01/929236.doc